**Robert O. BLAND, Appellant,**

**v.**

**C. C. HARTMAN, as a Rear Admiral of the United States Navy and Commandant of the Eleventh Naval District of the United States Navy, and individually, William H. Sanders, Junior, as a Captain of the United States Navy, and individually, Joe B. Renfro, Junior, as a Commander of the United States Naval Reserve, and individually, James E. Dyer, Junior, as a Lieutenant Commander of the United States Naval Reserve and individually, and Heber S. Lewis, as a Lieutenant Commander of the United States Navy, and individually, Appellees.**

**No. 15155.**

United States Court of Appeals
Ninth Circuit.

March 28, 1957.

Rehearing Denied May 3, 1957.

Daniel G. Marshall, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Max F. Deutz, Edwin H. Armstrong, Asst. U. S. Atty., Los Angeles, Cal., for appellees.

Before FEE and CHAMBERS, Circuit Judges, and CLARK, District Judge.

JAMES ALGER FEE, Circuit Judge.

This is an appeal by Bland from an order granting a motion to dismiss the complaint and denying a preliminary injunction.

The record, consisting of the complaint and a hearing on the preliminary injunc-tion, showed Bland was a commissioned officer in the United States Naval Re-serve who had served on active duty from 1942 to February 22, 1946. On the latter date, he was separated from active duty status under honorable conditions. From that date, he was placed on inac-tive status and held a commission as Lieutenant in the United States Naval Reserve.

■ On December 29, 1955, the Chief of the Bureau of Naval Personnel di-rected a letter to Bland, with a narrative statement of facts which indicated that, on account of conduct subsequent to his separation from active service, the reten-tion of Bland as an officer in the Naval Reserve was not clearly consistent with the interests of national security. Bland was directed to answer certain interroga-tories included therein, warned that fail-ure to answer responsively any thereof might be held as an admission. He was informed a tender of resignation or agreement to accept discharge in lieu of undergoing further administrative proc-essing was authorized.

Upon demand of Bland for a hearing, Admiral Hartman designated the other defendants to consider the matter, as a local security board. The hearing re-quested by Bland was set for January 17, 1956, where he was represented by ap-pointed military counsel and a certain civilian lawyer.

On or about January 11, 1956, Bland mailed to Admiral Hartman a resigna-tion from the Naval Reserve, conditioned upon his discharge under honorable con-ditions. It was not accepted.

Immediately thereafter, on January 12, 1956, Bland filed the complaint in the District Court in which he sought in-junctions against administrative hear-ings and declaratory judgment that he be not deprived of his status as an hon-orably separated veteran of World War II. The District Court issued an order to show cause as to the preliminary in-junction returnable January 19, 1956.

At the administrative hearing, on Jan-uary 17, Bland refused to testify.

The papers pertaining to Bland, with recommendations of the other defendants as a board and of Hartman as District Commandant, were forwarded to the Chief of Naval Personnel in Washington, D. C., on January 18, 1956.

The matter was submitted to the District Court upon the prayer for injunctions. A hearing was held on January 19, 1956, upon affidavits, briefs and oral argument. In accordance with Rule 52 (a), Fed.Rules Civ.Proc. 28 U.S.C.A., the District Court entered findings of fact, conclusions of law and (1) an order denying the application for a preliminary injunction and (2) an order dismissing the complaint. Both of these are appealed from, and we shall consider them in order.

The District Court was correct in denying injunctive relief. The Navy did not lose the power of considering the fitness of Bland to hold a commission as an officer because of his inactive status. Bland, in effect, sought a mandate relieving the Navy of the power of command and supervision over him as an officer, while at the same time he exercised unrestrained and uncontrolled freedom as a civilian. But this Court must sanction the effort of the Navy to maintain the tradition of unquestioned loyalty of its officers. If Bland had resigned prior to the investigation, he would have very probably been issued a discharge under honorable conditions. The choice was his.

The armed forces have no more vital problem than that of preventing infiltration of subversives. An officer, even on inactive status, does not have the untrammeled license in action which is accorded civilians and even civilian employees of the government.

Since inactive status may be relinquished without appreciable hindrance in peacetime, one should resign from this honorable position before taking action in which loyalty might be questioned. Not that we here express any opinion as to the activities of Bland or of the truth of the charges against him, but we simply review the incidents which lie at the basis of this suit for an injunction.

The record shows that Bland was served with papers containing charges of alleged subversive conduct upon his part. A questionnaire was served, and he was warned therein that a failure to answer any question might be considered as evidence against him. Bland did not answer this questionnaire. He demanded a hearing, which was granted before the board whose members are here made defendants. Thereupon, Bland refused to testify and challenged the jurisdiction of the Board to which he had demanded the right to submit himself. The Navy certainly had the power to determine whether any officer of that service, active or inactive, had forfeited the privilege of remaining in the service of the United States. Likewise, the Navy cannot be circumscribed in issuing qualified discharges if the rules of fairness and due consideration are followed.

Whatever may be the guaranties in civilian life, the armed services are not required to tolerate the typical tergiversations of the alleged subversive. The regulation requires that Bland be not discharged except upon consideration of a board. But here, a board was convened which made recommendations. Bland not only did not exhaust his administrative remedies, but he came into court seeking to prevent by judicial process further use of the administrative process. The trial court was entirely correct in denying injunctive relief at this point.

The opinion in Parker v. Lester, 9 Cir., 227 F.2d 708, has no possible relation to the case at bar. If there be anything in Levin v. Gillespie, D.C., 121 F. Supp. 726, contrary to our holding here, such expression is deliberately disapproved. See Marshall v. Wyman, D.C., 132 F.Supp. 169.

■■ Although appeal is also taken from the dismissal of the complaint, this action is premature. No judgment has been entered dismissing the action. So long as the opportunity remains as it

does here to Bland to amend the complaint, there is no final judgment as to the action. Reynolds v. Wade, 9 Cir., 241 F.2d 208. The appeal from the interlocutory order denying injunction is valid under another section.[1]

The appeal from the dismissal of the complaint is dismissed. The order denying injunction is approved.