**UNITED STATES of America,**
**Appellant,**

v.

**FRANK B. KILLIAN COMPANY,**
**Appellee.**

No. 13753.

United States Court of Appeals
Sixth Circuit.

July 14, 1959.

492

John G. Laughlin, Civil Division, Department of Justice, Washington, D. C., George Cochran Doub and Samuel D. Slade, Department of Justice, Washington, D. C., and Sumner Canary, Cleveland, Ohio, on briefs, for appellant.

Ray T. Miller, Cleveland, Ohio, on brief, for appellee.

Before ALLEN and McALLISTER, Circuit Judges, and MATHES, District Judge.

MATHES, District Judge.

The Government appeals from an order of dismissal entered July 1, 1958, for failure of the complaint to state a claim upon which relief can be granted. [Fed. R.Civ.P. rule 12(b) (6), 28 U.S.C.]

It is alleged in the complaint in question that on October 16, 1944, plaintiff-appellant and defendant-appellee entered

into a contract providing that royalties payable on a patented device manufactured for wartime purposes be adjusted retrospectively under the procedure provided by the Royalty Adjustment Act of 1942, rather than prospectively as contemplated in and provided for by the Act itself. [Public Law No. 768, 77th Cong., 2d Sess., 35 U.S.C. §§ 89–96; Act of Oct. 31, 1942, c. 634, § 1.]

The complaint alleges further that in 1946, "notice under the Act and as provided in the said contract" was given; that a hearing was subsequently had before the Royalty Adjustment Board; and that the royalties in question were thereupon adjusted to "fair and just amounts"; as a result of which a refund of $125,000 was found due the Government, for the recovery of which this action was brought and recovery prayed.

The Government tells us that the complaint was intended to serve as a claim for recovery under the contract, but the opening paragraph of the complaint alleges that: "This is a suit of a civil nature \* \* \* under the Royalty Adjustment Act of 1942 \* \* \*." And appellee's motion to dismiss was placed upon the ground "that the relief sought is clearly not provided for by the Royalty Adjustment Act of 1942 \* \* \*", as well as the asserted bar of "the Statute of Limitations."

The District Court was thus misled into considering the action as involving a claim under the statute itself, rather than under the contract, and the District Judge's memorandum opinion discloses that the dismissal was predicated upon the view that the Act provided for adjustment of future royalties only.

Following the order of dismissal, the Government on August 4, 1958, filed a "Motion for Reconsideration, for Relief from Judgment, and for Leave to Amend Complaint, and Proposed Amended Complaint"; and on the same day filed notice of appeal to this Court from the order of dismissal. On October 3, 1958, the District Court overruled the motion for reconsideration and for leave to file the proposed amended complaint.

The proposed amended complaint invokes Federal jurisdiction under 28 U.S.C. § 1345 and clearly claims a right of recovery under the contract—a contract which the Executive Department of the Government undoubtedly had full authority to execute and perform. Jessup v. United States, 1882, 106 U.S. 147, 151, 1 S.Ct. 74, 27 L.Ed. 85; see United States v. Cooper Corp., 1941, 312 U.S. 600, 604, 61 S.Ct. 742, 85 L.Ed. 1071; cf. Lichter v. United States, 1948, 334 U.S. 742, 68 S.Ct. 1294, 92 L.Ed. 1694.

It is conceded that the original complaint is ambiguous and poorly drawn. However, the document does make mention of the existence of the contract sued on, and does allege in most summary terms what the contract was about. As a pleading then, the original complaint is indeed a "short", if not "plain", statement of a claim for recovery under the contract. [Fed.R.Civ.P. rule 8(a) (2).]

Rule 8(f) of the Federal Rules of Civil Procedure directs that "all pleadings shall be so construed as to do substantial justice". Rule 54(c) makes specific application of this declared policy by providing that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings". And in furtherance of this policy it has recently been declared to be "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 1957, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80.

Of course the rule just stated does not mean that a poorly drafted pleading should not be dismissed with leave to amend to conform to the requirements of the Federal Rules of Civil Procedure, and more particularly Rule 8. So if the District Court had granted leave to amend the original complaint at bar, the order of dismissal would have been unassailable.

■ Looking now to the second ground of the motion to dismiss—that the Government's action on the contract is time barred. It is as true today, as when Mr. Justice Gray wrote for the Court in United States v. Nashville, etc. R. Co., 1886, 118 U.S. 120, 6 S.Ct. 1006, 30 L.Ed. 81, "that the United States, asserting rights vested in them as a sovereign government, are not bound by any statute of limitations, unless congress has clearly manifested its intention that they should be so bound." 118 U.S. at page 125, 6 S.Ct. at page 1008; see: Board of Com'rs of Jackson County v. United States, 1939, 308 U.S. 343, 351, 60 S.Ct. 285, 84 L.Ed. 313; Guaranty Trust Co. of New York v. United States, 1938, 304 U.S. 126, 132–133, 58 S.Ct. 785, 82 L.Ed. 1224.

■ Whether viewed as a contractual claim arising under Federal law [see: 35 U.S.C. § 91; Clearfield Trust Co. v. United States, 1943, 318 U.S. 363, 366–367, 63 S.Ct. 573, 87 L.Ed. 838], or under State law, there appears to be no applicable Federal statute of limitations, and the applicable State statute cannot of itself bar the Government's claim. United States v. Summerlin, 1940, 310 U.S. 414, 416, 60 S.Ct. 1019, 84 L.Ed. 1283; United States v. Thompson, 1878, 98 U.S. 486, 489–491, 25 L.Ed. 194.

■ If it be assumed that the parties in effect agreed that the State law as to limitations would govern, the applicable State statute, § 2305.06 of the Ohio Code, provides a fifteen-year period of limitation for action upon "an agreement, contract, or promise in writing * * *." Cf. Steffen v. United States, 6 Cir., 1954, 213 F.2d 266. Thus it is that, under any view, there is no basis for appellee's insistence that the Government's cause of action on the contract is time barred.

Next to be considered is appellee's opinion here to dismiss the appeal as prematurely brought. Appellee's argument, briefly put, is that the Government's motion to reconsider and for relief from judgment suspended the finality of the order of dismissal, and so made the notice of appeal premature. There is no merit in this point. See: Fed.R. Civ.P. rule 60(b) (6); Raughley v. Pennsylvania R. Co., 3 Cir., 1956, 230 F.2d 387.

■■ The Government's notice of appeal, filed August 4, 1958, operated to transfer jurisdiction to this court [Fed. R.Civ.P. rule 73], and thereafter the District Court had no jurisdiction of the cause, other than to act in aid of the appeal as empowered by the Federal Rules of Civil Procedure. In re Federal Facilities Realty Trust, 7 Cir., 1955, 227 F.2d 651, 654. Having no jurisdiction to entertain the Government's motions for reconsideration and for leave to amend while an appeal was pending, the District Court's order overruling those motions was a nullity.

■ The order from which this appeal was taken is "that the complaint herein is hereby dismissed". It does not appear that any judgment has been entered dismissing the action. Cf. Dann v. Studebaker-Packard Corp., 6 Cir., 1958, 253 F.2d 28. But the memorandum opinion leaves no doubt that the District Judge considered his dismissal of the complaint on the merits for failure to state an actionable claim to be a final decision terminating the action. Both parties have likewise treated the order of dismissal as a "final decision", and so appealable. 28 U.S.C. § 1291; see Asher v. Ruppa, 7 Cir., 1949, 173 F.2d 10; cf. Bland v. Hartman, 9 Cir., 1957, 245 F.2d 311. On the whole record, we construe the order to be a dismissal of the complaint without leave to amend.

For the reasons stated, appellant should be permitted to file an amended complaint in conformity with Rule 8 of the Federal Rules of Civil Procedure, invoking Federal jurisdiction under 28 U.S.C. § 1345, and to proceed with the prosecution of the action on the contract, if so advised. Accordingly, the order of dismissal entered July 1, 1958, will be set aside and the cause remanded for

further proceedings not inconsistent with this opinion.

McALLISTER, Circuit Judge (concurring).

The complaint in this case relied upon a cause of action under a statute. Defendant moved to dismiss on the ground that the statute did not provide for the relief sought. The District Court entered an order dismissing the case on the ground that the statute did not entitle plaintiff to any relief.

The complaint was filed under a certain theory; the defendant moved to dismiss, under that theory; and, upon that theory, the District Court dismissed the case.

Thereafter, the District Court denied a petition for reconsideration, for relief from the judgment, and for leave to file an amended complaint, setting up a claim to recovery under a different theory— that of contract.

This appeal is only from the order of the District Court dismissing the case. Since the entry of the order of dismissal, the government has, as above stated, sought reconsideration of the order in the District Court and leave to amend the complaint; but no appeal was taken from the order of the District Court denying such a motion.

We are not reviewing any claimed abuse of discretion in denying reconsideration and leave to amend. We are reviewing only the District Court's order dismissing the case.

There was no error on the part of the District Court in its order of dismissal. However, as pointed out by Judge Mathes in the accompanying opinion, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45, 46, 78 S.Ct. 99, 2 L.Ed. 2d 80. While this is not an appeal from an order dismissing the case, nevertheless, under the facts, as set forth by Judge MATHES, I concur in his opinion.