**SUBURBAN TRUST COMPANY,**
Plaintiff,

v.

**NATIONAL BANK OF WESTFIELD,**
Defendant.

Charles R. HOWELL, Commissioner, Department of Banking and Insurance of the State of New Jersey, and Arthur J. Sills, Attorney General of the State of New Jersey, Plaintiffs,

v.

**NATIONAL BANK OF WESTFIELD,**
Defendant.

Civ. A. Nos. 837-62, 875-62.

United States District Court
D. New Jersey.

Oct. 3, 1963.

See also D.C., 211 F.Supp. 694.

Riker, Danzig, Scherer & Brown, by William Riker, Newark, N. J., for plaintiff, Suburban Trust Co.

Arthur J. Sills, Atty. Gen., of N. J., by Alan B. Handler, Asst. Atty. Gen., for plaintiffs Howell and Sills.

Dughi & Johnstone, by Irvine B. Johnstone, Jr., Westfield, N. J., for defendant.

WORTENDYKE, District Judge.

■■ After this Court's opinion was filed on October 3, 1963, D.C., 222 F. Supp. 269, and within the period prescribed by General Rule 10 of this Court, plaintiff Commissioner, in C-875-62, noticed a motion for reargument, contending that this Court lacked jurisdiction of the subject matter of National's counterclaim in that case. Briefs respectively in support of and in opposition to said motion have been filed and considered by this Court. However, before the motion was decided, movant filed a notice of appeal from this Court's judgment in the case (C-875-62). The filing of that notice of appeal operated to transfer jurisdiction to the appellate court, and left no residuum of jurisdiction in this Court to entertain the pending motion for reconsideration of this Court's judgment.

United States of America v. Frank B. Killian Company, 6 Cir.1959, 269 F.2d 491. Although the motion was noticed and briefed before the notice of appeal was filed, an order of this Court disposing of the motion would be a nullity. Nevertheless, for the information of the appellate court, this Court advises that it recognized the counterclaim as compulsory under F.R.Civ.P. 13(a) and exercised ancillary jurisdiction over the cause of action and prayers for relief set forth therein. Reference is made to Moore v. New York Cotton Exchange (1926) 270 U.S. 593, 610, 46 S.Ct. 367, 70 L.Ed. 750; Great Lakes Rubber Corp. v. Herbert Cooper Co., 3 Cir.1961, 286 F.2d 631.