John WILLIAMS, etc., et al., Plaintiffs,

v.

W. R. GRACE & COMPANY, etc., et al., Defendants.

Civ. A. No. 1840.

United States District Court
E. D. Tennessee,
Northeastern Division.

March 21, 1966.

822

H. Calvin Walter, Walter, Gilbertson & Claiborne, Knoxville, Tenn., for plaintiffs.

J. H. Doughty, Hodges, Doughty & Carson, Knoxville, Tenn., for defendants.

NEESE, District Judge.

■ A summary judgment for the defendant was entered herein on August 18, 1965. D.C., 247 F.Supp. 433. On September 17, 1965, the plaintiffs gave notice of an appeal. This operated to transfer jurisdiction herein to the United States Court of Appeals for the Sixth Circuit, Rule 73, Federal Rules of Civil Procedure. Thereafter, this Court had no jurisdiction other than to act in aid of the appeal. United States v. Frank B. Killian Company, C.A.6th (1959), 269 F.2d 491, 494 [6, 7].

The parties entered into a stipulation on December 21, 1965, dismissing the appeal. An agreed order was entered by the Court on February 10, 1966 allowing the plaintiffs until March 1, 1966 within which to reply to the defendant's brief of February 3, 1966. This order is probably a nullity. Keohane v. Swarco, Inc., C.A.6th (1963), 320 F.2d 429, 432 [4].

■ It is assumed from counsels' briefing of the question that counsel are under the impression that the stipulated dismissal of the appeal herein restored this Court's former jurisdiction. Undoubtedly, this Court possesses jurisdiction to determine its jurisdiction. 1 Barron & Holtzoff (Wright Supp.) § 21.

■ There is no language in Rule 73(a), Federal Rules of Civil Procedure, empowering this Court to resume its former jurisdiction when the parties, with the approval of the Court, dismissed the plaintiffs' appeal by stipulation. Had the appeal not been dismissed, the appellate court might have restored the jurisdiction of this Court to determine the plaintiffs' motion to reconsider on its merits and to certify its ruling in a supplemental record. Keohane v. Swarco, Inc., supra, 320 F.2d, p. 432 [5, 6]. In the absence of some authorization and empowerment, however, this Court lacks

jurisdiction of the subject matter of this action.

 "It is a principle of first importance that the federal courts are courts of limited jurisdiction. * * * The federal courts * * * are empowered to hear only such cases as are within the judicial power of the United States, as defined in the Constitution, and have been entrusted to them by a jurisdictional grant by Congress.

"* * * (T)he rule is well settled that the party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the competence of such a court. The presumption is that the court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists.[1] * * * (I)f the parties fail to raise any jurisdictional question * * * (t)he court, whether trial or appellate, is obliged to notice want of jurisdiction on its own motion. * * *[2] Federal Courts (Wright) § 7. "* * * [W]henever it appears * * * that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. * * *" Rule 12(h), Federal Rules of Civil Procedure.

The Court is convinced that it once had jurisdiction of this action. 29 U.S.C. § 207. And the Court is chagrined that inept prosecution of the plaintiffs' claims, see esp. p. 3 of the Court's memorandum opinion of August 18, 1965, has resulted in a disposition of the action which may have little reference to a potential decision on the merits after a full development of all the facts. But, a federal district court cannot look to the merits of a case in determining its jurisdiction. Venner v. Great Northern Ry. Co. (1908), 209 U.S. 24, 28 S.Ct. 328, 52 L.Ed. 666. That jurisdiction has now been lost. United States v. Frank B. Killian Company, supra. Such cannot be restored under any power or authority known to this Court unless, perchance, the United States Court of Appeals for the Sixth Circuit allows the plaintiffs to withdraw their stipulation of dismissal and continue with their appeal, and unless the reviewing court authorizes this Court to determine the plaintiffs' motion to reconsider or for a new trial on its merits and certify its ruling in a supplemental record. See Keohane v. Swarco, Inc., supra.

From all this, the Court hereby orders this action

Dismissed.

1. Turner v. President, Directors and Company of Bank of North America (1799), 4 Dall. 8, 1 L.Ed. 718.

2. Mansfield, C. L. & M. Ry. v. Swan (1884), 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462; Cameron v. Hodges (1888), 127 U.S. 322, 8 S.Ct. 1154, 32 L.Ed. 132.