# WILLIAM PERRY ANTHONY et ux. v. LINNIE ANTHONY. No. 21. —444 S.W.2d 714.

Eastern Section. June 20, 1969.

Certiorari Denied by Supreme Court September 15, 1969.

Cheek, Taylor & Groover, Knoxville, for Linnie Anthony.

Rex Don Palmer, Maryville, for William Perry Anthony.

PARROTT, J. Mrs. Linnie Anthony sues Mr. and Mrs. William Perry Anthony, her son and daughter-in-law, seeking damages for personal injuries sustained in a fall at a lakeside cottage owned by the defendants.

After a trial by jury, judgment for the plaintiff in the amount of $3,000.00 was entered upon the jury's verdict.

In this appeal defendants, among other things, insist the circuit judge erred in not sustaining their motion for directed verdict.

On July 29, 1966, plaintiff, seventy-eight year old Mrs. Linnie Anthony, was attending a family gathering along with some twenty other relatives at the defendants' lakeside cottage. Plaintiff fell as she started to go from the kitchen to a concrete patio or porch, receiving injuries which are the subject of this suit.

The entranceway where plaintiff fell has a concrete step on the patio side which is eight inches high, forty inches long with an eight inch tread. The concrete floor of the patio extends twelve inches from the step to the outside edge wall which is some four feet above ground level. There is no railing or barrier along this edge of the patio. As you go from the kitchen there is a screen door which opens to the inside part of the patio or away from the

outer edge. This door is described as opening the wrong or opposite way but the record shows the door opens to the right which is not an unusual way for doors to open. When plaintiff opened this door, she commenced to fall, landing first on the patio and then rolling off the edge to the ground.

Plaintiff's recovery is predicated on the grounds defendants failed to forewarn her of the condition of the screen door and the patio which is alleged to be such a dangerous condition so as to constitute a "trap."

Plaintiff's brief concedes that her status is that of a social guest. It is further agreed by both sides the decision in Walker v. Williams, 215 Tenn. 195, 384 S.W.2d 447, is controlling in this case. In that case it was said:

"* * * that a social guest is not in law an invitee but is a licensee to whom the owner owes no duty except to refrain from willfully injuring him or from committing negligence so gross as to amount to willfulness, or from leading him into a trap." (cases cited)

\* \* \* \* \* \*

"* * * 'trap' as used with reference to liability therefor in tort designates a device or condition created with intent to injure, but, of course, we no longer follow such strict use of the word, and 'trap' as now used in this type of lawsuit generally means any kind of a hidden dangerous condition and there need not be any intent to injure."

For authorities adopting a similar view see annotation and collection of authorities in 29 A.L.R.2d 598; Prosser, Law of Torts, 2d ed., Sec. 77.

When the principles and rules as enunciated in the Walker case are applied to this case, we think defendants' motion for directed verdict should be sustained. Plaintiff does not allege nor is it shown by the proof the defendants were guilty of such willful or wanton misconduct so as to be grossly negligent. Nor does the evidence support the contention the defendants led the plaintiff into a "trap" by failure to warn of a "hidden dangerous condition."

We find absolutely no evidence of the existence of a "hidden dangerous condition" which the Walker case says is necessary to impose liability when the plaintiff is proceeding under the "trap" theory. Neither is it contended the step was negligently designed or, standing alone, presented an unsafe condition. The negligence charged by the declaration is that the defendants failed to forewarn plaintiff of the "narrow standing space which was left after the door was open" and "no handrail around the porch and said porch was several feet higher than the ground level." None of these things complained of were concealed nor is it shown the door contained a latent mechanical defect as there was in the Walker case.

All of the evidence without dispute clearly shows the condition of the screen door and porch to be within plaintiff's full view. Moreover, plaintiff's own testimony shows some failure on her part to exercise ordinary care for her own safety as is required.

This was not plaintiff's first visit to the premises. She stated she had been there on at least three or four other occasions prior to the time she fell. On this occasion plaintiff's entrance into the kitchen was up this very same

step and through the door which required her to pass along the side of the alleged "trap" which is alleged to be the proximate cause of her injuries. She remained in the kitchen only a few minutes before she attempted to make an exit through the same way to retrieve a small TV table she placed beside the door as she entered the kitchen. Certainly, by a casual observation on these occasions, plaintiff had an opportunity to have knowledge of the obvious conditions which she is required to assume the risk thereof while upon the premises. Kendall Oil Co. v. Payne, 200 Tenn. 600, 293 S.W.2d 43.

Under the facts presented here we do not believe reasonable minds could say the defendants were guilty of gross negligence or set a "trap" for plaintiff. At the most, defendants could only be guilty of ordinary negligence which will not sustain a recovery.

For the foregoing reasons the judgment below is reversed, plaintiff's suit dismissed with the costs taxed to plaintiff.

McAmis, P. J., and Cooper, J., concur.