**Olaf OLSEN, Plaintiff-Appellant,**

**v.**

**Floyd ROBINSON, Defendant-Appellee.**

Supreme Court of Tennessee.

June 18, 1973.

Joe H. Walker, Harriman, for plaintiff-appellant.

Howard F. Jarvis, Knoxville, for defendant-appellee.

OPINION

JOHN W. WILSON, Special Justice.

The parties will be designated as in the trial court; that is, Olaf Olsen as plaintiff and Floyd Robinson as defendant.

The plaintiff brought this action on May 10, 1972, seeking to recover damages for personal injuries sustained on May 11, 1971. It is averred that while a guest at the home or farm of defendant in Morgan County, Tennessee, the plaintiff was requested by the defendant to feed and care for defendant's chickens located in a chicken house some distance from the dwelling of the defendant, and while traversing a flagstone walk which contained several puddles of water, he stepped into a hidden depression which caused him to fall to the ground, generally bruising him and injuring his ankle. He averred permanent injuries.

We copy from the declaration filed by the plaintiff as follows:

"3. Plaintiff avers that the defendant did or should have known of the dangerous condition that existed along the walkway of the defendant's home to the chicken house and the defendant was under an obligation to warn the plaintiff of any hidden hazards and defendants failure to do so constituted negligence. The plaintiff avers that he is without negligence whatsoever."

On July 3, 1970, the defendant filed a motion to dismiss the complaint, in the following language:

"The defendant moves the Court to dismiss the action because the complaint fails to state a claim against defendant upon which relief can be granted, in that the complaint fails to state facts, or fails to allege facts that defendant was guilty of gross negligence, or set a 'trap' for plaintiff. At the most, defendant, under the allegations contained in the complaint, could only be guilty of ordinary negligence which will not sustain a recovery in a suit by a guest against a host under the Uniform Decisions of the Appellate Court and the Supreme Court of Tennessee."

The motion to dismiss was heard on the 16th day of October, 1972, and the Circuit Judge, being of the opinion that the motion was well taken, dismissed the action, the order of dismissal being entered November 1, 1972. The plaintiff excepted to the action of the Court in dismissing the action, prayed and was granted an appeal to this Court.

The only assignment of error is the action of the trial court in sustaining the motion to dismiss the complaint.

The brief of both parties and the authorities therein discussed proceed upon the assumption the plaintiff was a social guest.

█ In the complaint the plaintiff fixed his status as that of a guest at the home or the farm of defendant, and we think the case is controlled by the case of Walker v. Williams, 215 Tenn. 195, 384 S.W.2d 447 (1964), which holds that a social guest at a home is not in law an invitee, but a licensee to whom the owner owes no duty except to refrain from willfully injuring him or from committing negligence so gross as to amount to willfulness, nor to set a trap for him.

█ The plaintiff does not allege the defendant was guilty of such willful or wanton misconduct as to be guilty of gross negligence.

In Walker v. Williams, supra, the Court said, on page 203, 384 S.W.2d on page 451:
". . . Ordinarily the word 'trap' as used with reference to liability therefor in tort designates a device or condition created with intent to injure, but, of course, we no longer follow such strict use of the word, and 'trap' as now used in this type of lawsuit generally means any kind of a hidden dangerous condition and there need not be any intent to injure."

We are of the opinion that the allegations of negligence made in the complaint are insufficient to support any contention that the defendants led the plaintiff into a trap. The question of a trap by failure to warn is the basis of the opinion in Anthony v. Anthony, 60 Tenn.App. 143, 444 S. W.2d 714 (cert. denied by Sup.Ct. Sept. 15, 1969).

We are of the opinion that the complaint alleges no more than ordinary negligence on the host's part and there is no liability. We agree with this statement in the brief of defendant:

". . . the argument of plaintiff seems to be that because the complaint says that the plaintiff was 'journeying to the defendant's chicken house to comply with defendant's request that he was traversing a flagstone walk which contained several puddles of water and that he stepped into a hidden depression which caused him to fall to the ground breaking his glasses, etc.' takes this case out of the general rule. This certainly is not the case."

We are of the opinion that the judgment of the trial court should be affirmed. The costs will be assessed against the plaintiff.

DYER, C. J., and CHATTIN, HUMPHREYS and McCANLESS, JJ., concur.