Maxwell Bryant ALEXANDER, Plaintiff,

v.

B. P. HOPKINS et ux., Defendants.

No. CIV–4–76–24.

United States District Court,
E. D. Tennessee,
Winchester Division.

June 11, 1976.
On Motion to Dismiss July 28, 1976.

Fred I. Womack, Womack & Mason, Fayetteville, Tenn. and Clinton H. Swafford, Swafford, Davis & Peters, Winchester, Tenn., for plaintiff.

Thomas A. Harris, Milligan, Hooper, Harris & Foster, Chattanooga, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

■ This is ostensibly a diversity action * for damages for personal injuries. The rule is well settled that the party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the competence of such a court. *Williams v. W. R. Grace & Company,* D.C.Tenn. (1966), 252 F.Supp. 821, 822[6].

■ The allegations of jurisdiction herein are defective. It does not appear from the complaint that the plaintiff is the citizen of one state and that the respective defendants are citizens of a different state. Neither does it appear that the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs. The presumption is that the court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. *Ibid.,* 252 F.Supp. at 822[6].

■ The defendant moved for a dismissal of this action, on the ground of lack of jurisdiction over the subject matter and for the failure of the plaintiff to state a claim on which relief can be granted herein. Rules 12(b)(1), (6), Federal Rules of Civil Procedure. " * * * Whenever it appears by suggestion of the parties * * * that the court lacks jurisdiction of the sub-

* " * * * The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

ject matter, the court shall dismiss the action." Rule 12(h)(3), Federal Rules of Civil Procedure. However: "Defective allegations of jurisdiction may be amended, upon terms, in the trial * * * courts." 28 U.S.C. § 1653; *Wells v. Celanese Corporation of America,* D.C.Tenn. (1964), 239 F.Supp. 602, 604.

All other matters hereby are RESERVED until the jurisdictional issue is determined. The plaintiff hereby is ALLOWED 10 days in which to amend his defective allegations of jurisdiction; otherwise, this action shall stand dismissed thereafter for lack of jurisdiction of the subject matter.

## ON MOTION TO DISMISS

This is a diversity action for money damages for personal injuries allegedly sustained by the plaintiff as the proximate result of the defendants' negligent maintenance of their residential premises. 28 U.S.C. § 1332(a)(1). The defendants moved for a dismissal on the ground of lack of the Court's jurisdiction of the subject matter and for the failure of the plaintiff to state a claim upon which relief can be granted. Rules 12(b)(1), (6), Federal Rules of Civil Procedure.

The plaintiff, having amended his complaint so as to cure the defective allegations of diversity jurisdiction therein, see memorandum opinion and order herein of June 11, 1976, the defendants' motion for a dismissal on such ground hereby is

OVERRULED.

■ The complaint, as amended, avers, *inter alia,* that while the plaintiff was " * * * an invited guest on property owned by the * * * defendants * * for a social visit * * * he suddenly stepped in a hole and fell to the ground and suffered * * * injuries. * * * " Additionally, it is alleged that such hole

* * * citizens of different states * * * " 28 U.S.C. § 1332(a)(1).

" * * * was not apparent to [the plaintiff] * * * [who was] * * * without previous knowledge of its condition * * * [and that] * * * the defendants maintain[ed] their property in a defective and hazardous condition * * * [and] failed to warn [the plaintiff] of the presence and danger of such hole even though they knew of its existence. * * * "

Under the substantive law of Tennessee " * * * a social guest at a home is not in law an invitee, but a licensee to whom the owner owes no duty except to refrain from willfully injuring him or from committing negligence so gross as to amount to willfulness, nor to set a trap for him. * * * " *Olsen v. Robinson* (Tenn., 1973), 496 S.W.2d 462, 463[1], citing *Walker v. Williams* (1964), 215 Tenn. 195, 384 S.W.2d 447. The word " * * * 'trap' as now used in this type of lawsuit generally means any kind of a hidden dangerous condition and there need not be any intent to injure. * * * " *Ibid.,* 496 S.W.2d at 463[2]. The failure to warn a guest of a hidden dangerous condition may constitute the leading of such guest into a trap, so as to render the landowner liable for negligence. *Anthony v. Anthony,* C.A.Tenn. (1969), 60 Tenn.App. 143, 444 S.W.2d 714, 715, certiorari denied (1969).

Construing the allegations of the complaint liberally in favor of the plaintiff, *Scheuer v. Rhodes* (1974), 416 U.S. 232, 236, 94 S.Ct. 1683, 1686[1, 2], 40 L.Ed.2d 90, it appears that the plaintiff has stated a claim upon which relief can be granted under the aforementioned trap theory. The complaint specifically alleges that the defendants' property was " * * * in a defective and dangerous condition * * * " and that the hole " * * * which caused [the plaintiff] to fall was not apparent to him * * * [since he was] * * * without a previous knowledge of its condition. * * * "

" * * * [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

* * * " *Conley v. Gibson* (1957), 355 U.S. 41, 45–46, 78 S.Ct. 99, 102[5], 2 L.Ed.2d 80, quoted with approval in *Scheuer v. Rhodes, supra,* 416 U.S. at 236, 94 S.Ct. at 1686[1, 2]. " * * * The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. * * * " *Scheuer v. Rhodes, supra,* 416 U.S. at 236, 94 S.Ct. at 1686[1, 2]. Accordingly, the motion of the defendants for a dismissal on such ground hereby is

OVERRULED.