**Thomas L. CLARK, Plaintiff,**

v.

**WRIGHT AND LOPEZ, INC., Defendant.**

**No. CIV-4-76-17.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Oct. 21, 1976.

G. Nelson Forrester, Forrester & Richardson, Tullahoma, Tenn., for plaintiff.

Campbell Smoot, Haynes, Hull & Smoot, Tullahoma, Tenn., for defendant.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a civil action seeking money damages or alternatively the reinstatement of the plaintiff to his former employment by his former employer, the defendant herein. The complaint avers that such corporation "* * * deprived [the plaintiff] of his civil rights, in violation of the 1964 and 1968

Civil Rights Act * * * and * * * that he was denied due process of law under the Fourteenth Amendment to the Constitution of the United States. * * *" No specific statutory grounds for the Court's jurisdiction of the subject matter herein are alleged.

■ Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., creates, *inter alia,* the right of an individual to be free from discrimination by his employer "* * * because of such individual's race, color, religion, sex, or national origin. * * *" 42 U.S.C. § 2000e–2(a)(1), (2). There is no claim made herein that the plaintiff was discriminated against on such grounds. In fact, the plaintiff by brief concedes the absence of such discrimination, and further states that the discrimination complained of herein was "* * * because he was injured in the scope of his employment of the defendant and was not able to perform certain duties forced on him [by the defendant] before he was fully released by [his] doctor. * * *" Furthermore, "* * * [a] person claiming to be aggrieved by a violation of Title VII [, *supra,*] may not maintain a suit for redress in federal court until he has first unsuccessfully pursued certain avenues of potential administrative relief. * * *"[1] *Love v. Pullman Co.* (1972), 404 U.S. 522, 523, 92 S.Ct. 616, 617, 30 L.Ed.2d 679, 682. Compliance with such statutory provisions is a judicial prerequisite to the maintenance of a Title VII action. *Johnson v. Railway Express Agency, Inc.,* C.A.6th (1973), 489 F.2d 525, 529[1], affirmed (1975), 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295.

■ It is unclear to the Court what, if any, provision of the Civil Rights Act of 1968 would be applicable hereto. The principal thrust of such act is discrimination in the sale or rental of housing. See 42 U.S.C. §§ 3601, et seq.

■ Finally, the complaint is insufficient to invoke the Court's jurisdiction under 28 U.S.C. § 1343(3) for a violation of the plaintiff's federally-protected civil rights under 42 U.S.C. § 1983 or related statutes. There is no allegation that any conduct of the defendant was done under the color of state law, so as to amount to a violation of such individual's right to due process of law, Constitution, Fourteenth Amendment.

■ The rule is well settled that the party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the competence of such a court. *Williams v. W. R. Grace Company,* D.C.Tenn. (1966), 252 F.Supp. 821, 822[6]. The presumption is that the court lacks jurisdiction until it has been demonstrated that jurisdiction over the subject matter exists. *Ibid.,* 252 F.Supp. at 822[6]. " * * Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Rule 12(h)(3), Federal Rules of Civil Procedure.

It not appearing to the Court that such jurisdiction has been properly invoked, the plaintiff hereby is ALLOWED 15 days herefrom to show why this action should not be dismissed for lack of the Court's jurisdiction of the subject matter.[2] *Idem.* All other matters hereby are RESERVED.

---

1. See 42 U.S.C. § 2000e–5.

2. The plaintiff should indicate under what specific statutory provision such jurisdiction is invoked.