**Arlene GOOD et vir., Plaintiffs,**

v.

**Paul R. KRAUSS et al., Defendants.**

**No. CIV-2-78-18.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

May 4, 1978.

Clavin N. Taylor, and John M. Norris, Cheek, Taylor & Groover, and Howard H. Vogel, O'Neil, Parker & Williamson, Knoxville, Tenn., for plaintiffs.

Gene P. Gaby, Milligan, Coleman, Fletcher, Gaby & Kilday, Greeneville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a civil action to recover damages for personal injuries arising from a motor vehicular accident. The plaintiffs apparently attempted to invoke this Court's jurisdiction on the basis of the diverse citizenship of the parties and the requisite amount in controversy, see 28 U.S.C. §§ 1332(a)(1), (c). Pretermitting all other matters herein is the necessity of a determination of this Court's jurisdiction; for without a finding that such exists this Court is without power to proceed. *Memphis Am. Fed. of Tchrs., L. 2032 v. Bd. of Ed.*, C.A. 6th (1976), 534 F.2d 699, 701[1].

The United States Courts are not courts of general jurisdiction; rather, they have only such jurisdiction as has been prescribed by Congress pursuant to the Constitution, article III. *Graves v. Sneed*, C.A. 6th (1976), 541 F.2d 159, 161[2], certiorari denied (1977), 429 U.S. 1093, 97 S.Ct. 1106, 51 L.Ed.2d 539. The burden is on the plaintiffs to demonstrate that this case is within the competence of this Court, and the presumption is that the Court lacks jurisdiction until the contrary is demonstrated. *Alexander v. Hopkins*, D.C.Tenn. (1976), 433 F.Supp. 362, 363[1], [3].

The plaintiffs were required to have included in their complaint "* * * a short and plain statement of the grounds upon which the court's jurisdiction depends. * * *" Rule 8(a)(1), Federal Rules of Civil Procedure. "* * * In cases where jurisdiction depends upon the citizenship of the parties, such citizenship, or the facts which in legal intendment constitute it, should be distinctly and positively averred. * * *" *Robertson v. Cease* (1878), 97 U.S. 646, 649–650, 24 L.Ed. 1057, 1058. The complaint herein is wholly deficient in this regard, see form 2(a), Federal Rules of Civil Procedure, appendix of forms.

The plaintiffs hereby are ALLOWED 10 days within which to properly invoke this Court's jurisdiction, 28 U.S.C. § 1653; otherwise, at the end of such period, this action shall stand DISMISSED for lack of the Court's jurisdiction of the subject matter. Rule 12(h), Federal Rules of Civil Procedure.