888 F.2d 127
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James M. CRAWFORD, Plaintiff-Appellant,
v.
Gary LIVESAY, Stephen H. Norris, Cecil Corbin, and Gene
Austin, Defendants-Appellees.
 No. 88-6261.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1989.
 
 On Appeal from the United States District Court for the Eastern District of Tennessee
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and THOMAS A. WISEMAN, Jr., Chief District Judge.*
 PER CURIAM.
 
 
 1
 Finding that appellant was collaterally estopped from bringing this action, the District Court granted appellees' motion for summary judgment. Crawford appeals claiming that the District Court erred because in granting summary judgment, it failed to rule on various motions he filed and because appellees' motion for summary judgment was untimely. We agree that the District Court properly granted appellees' motion and therefore affirm.
 
 
 2
 Appellant sued the State of Tennessee in the Claims Division of the State of Tennessee for injuries he suffered operating a backhoe while a prisoner. He claimed the prison officials knew the backhoe was defective, yet they forced him to operate it anyway. He alleged he was severely injured when a pin locking the front wheels failed, throwing him down a cliff where he was not discovered for several days. The Claims Court found that Tennessee was not negligent in maintaining the equipment and that appellant was contributorily negligent. Appellant then brought this action in federal court under 42 U.S.C. Sec. 1983, claiming that appellees were deliberately and willfully indifferent to his safety. The court initially dismissed the suit on statute of limitations grounds. This Court reversed and remanded for further proceedings on April 29, 1988. On March 28, 1988, appellant filed a motion to preserve evidence and on April 4, 1988, a motion for assistance of counsel. On May 9, 1988, he filed a motion to amend his complaint. No responsive pleading had been served, and under Rule 15(a), Fed.R.Civ.P., appellant was entitled to amend the pleading "as a matter of course." The first two motions were filed in the District Court while the case was pending in this Court. After this Court's remand, but before the District Court ruled on any of appellant's motions, appellees, on June 29, 1988, filed a motion for summary judgment. In response, appellant filed a motion for an extension of time to answer the summary judgment motion on July 29, and a motion for default on August 17, 1988, because appellees' summary judgment motion was untimely. The District Court granted appellees' motion for summary judgment on October 27, 1988. The court held that the question regarding maintenance of the backhoe was necessarily decided by the Claims Commissioner in the prior proceeding, and that appellees were not at fault. The Claims Court decision on that issue thus must be given preclusive effect. See University of Tennessee v. Elliott, 478 U.S. 788 (1986). The District Court issued no ruling on any of appellant's motions.
 
 
 3
 Appellant claims the District Court erred in failing to rule on his motions before granting appellees' summary judgment motion and that appellees' summary judgment motion was untimely. As far as the motion to amend was concerned, leave to amend was unnecessary. Rogers v. Girard Trust Co., 159 F.2d 239 (6th Cir.1947). Although we do not condone the District Court's failure to respond to appellant's motion to amend, given the nature and content of the motion, we find no grounds for reversing the court's judgment.
 
 
 4
 The motion merely stated that appellant would include a copy of the Tennessee hearing transcripts and that it would better inform the court of the facts surrounding his injury. The motion does not suggest any further allegations beyond those in the original complaint that would allow relief to be granted. Although the District Court should have informed appellant of its disposition of the motion, it clearly did not commit reversible error in failing to grant appellant's motion to amend prior to granting appellee's motion for summary judgment. It is readily apparent from the record that even the proposed amended complaint would provide no basis for relief.
 
 
 5
 The District Court cited as an alternative grounds for dismissal appellant's conclusory allegations regarding his section 1983 claim. See Smith v. Rose, 760 F.2d 102, 106 (6th Cir.1985). Amending the complaint in the manner proposed by appellant in his motion to amend would not have specified the grounds to support a section 1983 action.
 
 
 6
 Appellant also contends that the District Court erred in denying his August 17, 1988 motion for default. This argument is also without merit. Appellant filed this motion claiming that appellees' motion for summary judgment was untimely under Tennessee law because appellees delayed in filing their motion. However, the federal rules are controlling in this action. Appellees did not file an answer to appellant's complaint. Instead, they filed a motion for summary judgment on June 28, 1988. The last defendant was served with a summons and complaint on May 23, 1988. Although June 28 was beyond the time limit allowed by the rules for filing a responsive motion, appellant failed to file a motion for default until after appellees filed their motion for summary judgment. As such, appellant's default motion came too late and he waived his right to obtain a default judgment. See McCorstin v. U.S. Dept. of Labor, 630 F.2d 242 (5th Cir.1980), cert. denied, 450 U.S. 999 (1981) (default motion untimely where complaint was filed in September, 1979, answer filed October 30, 1979, and default motion filed on November 16, 1979). The District Court thus did not err in considering and granting summary judgment for appellees.
 
 
 7
 Finally, appellant argues that the District Court erred in refusing to rule on his motions for assistance of counsel and to preserve evidence. While again we do not condone the court's failure to give appellant a response to these motions, we find no reversible error. Appellees were properly granted summary judgment, so the need to preserve the evidence appellant intended to use in the suit was moot. Moreover, having determined that appellees were entitled to summary judgment, there was no further need for counsel in the District Court. We reiterate, however, that the court should have ruled on these motions even if only to hold that they were improperly filed while the District Court was without jurisdiction because of the appeal. See Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985); Jago v. U.S.Dist.Ct., N.Dist. of Ohio, E.Div. at Cleveland, 570 F.2d 618 (6th Cir.1978); Oak Constr. Co. v. Huron Cement Co., 475 F.2d 1220 (6th Cir.1973). Although this Circuit has noted exception to the general rule that filing a notice of appeal divests the district court of jurisdiction, see, e.g., Hogg v. United States, 411 F.2d 578, (6th Cir.1969) (district court retains jurisdiction only to extent that it can aid in the appeal); United States v. Frank B. Killian Co., 269 F.2d 491 (6th Cir.1959) (same), we find no exception applicable to the instant appeal. Neither of appellant's motions would "act in aid of the appeal." Id. at 494.
 
 
 8
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Chief Judge, United States District Court for the Middle District of Tennessee, sitting by designation