**Charles Earl CAMPBELL, Plaintiff,**

v.

**UNITED STATES et al., Defendants.**

**No. CIV-4-79-41.**

United States District Court,
E. D. Tennessee,
Winchester Division.

May 22, 1980.

Supplemental Opinion June 12, 1980.

Michael D. Galligan, Brady & Galligan, McMinnville, Tenn., for plaintiff.

John H. Cary, U. S. Atty., Knoxville, Tenn., by Byron R. Trauger, Asst. U. S. Atty., Chattanooga, Tenn., for defendants.

## MEMORANDUM OPINION AND ALLOWANCE

NEESE, District Judge.

■ Unlike many state courts, federal courts are courts of limited jurisdiction. That jurisdiction has been marked-out by the Congress pursuant to the Constitution, Article III. *Aldinger v. Howard* (1976), 427 U.S. 1, 15, 96 S.Ct. 2413, 2420, 49 L.Ed.2d 276, 286–287[6]. This Court is not permitted to assume the existence of its jurisdiction; for, without a finding that there exists federal jurisdiction over a particular claim of the plaintiff, this Court is without power to proceed. *Memphis Am. Fed. of Tchrs., L. 2032 v. Bd. of Ed.*, C.A. 6th (1976), 534 F.2d 699, 701[1]. Such a jurisdictional inquiry is mandatory. *Rauch v. Day & Night Mfg. Corp.*, C.A. 6th (1978), 576 F.2d 697, 699 n. 1. Pretermitting any consideration of the report and recommendation of the magistrate herein of May 1, 1980, this Court will consider whether its jurisdiction of the subject matter has been properly invoked as to counts II and III of the complaint herein.

■ As noted by the magistrate in his report, the only defendant that has been brought properly before the Court by service of process is the United States.* It is elementary that the United States, as a sovereign, is immune from suit except as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain such a suit.

---

* It is well-settled that a federal department or agency may be sued only if the Congress has authorized the action because the United States is the real party in interest. 14 Wright, Miller & Cooper, Federal Practice and Procedure 174–175, § 3655. " * * * When Congress authorizes one of its agencies to be sued eo nomine, it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity. * * * " *Blackmar v. Guerre* (1952), 342 U.S. 512, 515, 72 S.Ct. 410, 412, 96 L.Ed. 534, 539 (headnote 3). The Court is not cited to, nor has it discovered, any authority of the Congress authorizing, explicitly or impliedly, either the United States Navy or the Federal Bureau of Investigation to be sued eo nomine. Accordingly, as to those 2 defendants, this action hereby is DISMISSED. *NLRB v. Nash-Finch Co.* (1971), 404 U.S. 138, 146, 92 S.Ct. 373, 378, 30 L.Ed.2d 328, 334[8], n. 4.

*United States v. Mitchell* (1980), 445 U.S. 535, 538, 100 S.Ct. 1349, 1352, 63 L.Ed.2d 607, 613. A waiver of sovereign-immunity cannot be implied but must be expressed unequivocally, and in the absence of clear congressional consent there is no jurisdiction in any court of the United States to entertain an action against the United States. *Idem.*

This Court construes the complaint herein as basing the claims against the United States in counts II and III of the complaint on the provisions of the Federal Tort Claims Act. 28 U.S.C. §§ 1346(b), 2672 *et seq.* and esp. § 2680(h). That Act, of course, constitutes a limited waiver of sovereign-immunity, thus permitting actions against the national sovereign to the extent specified within the provisions of that act, but no farther. *Fitch v. United States*, C.A. 6th (1975), 513 F.2d 1013, 1015 [1], certiorari denied (1976), 423 U.S. 866, 96 S.Ct. 127, 46 L.Ed.2d 95. The Congress has provided, however, that such " * * * [a]n action shall not be instituted * * * unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. * * * " 28 U.S.C. § 2675. " * * * [T]he administrative claim procedure prescribed in 28 U.S.C. § 2675 is jurisdictional. No suit may be maintained under the [Federal Tort Claims] Act in the absence of compliance, which cannot be waived by the Government. * * * " *Executive Jet Aviation, Inc. v. United States*, C.A. 6th (1974), 507 F.2d 514–515 [9].

A further requirement of the Federal Tort Claims Act is that the administrative claim " * * * be submitted to the appropriate federal agency within two years of the alleged injury. 28 U.S.C. § 2401. * * " *Shelton v. United States*, C.A. 6th (1980), 615 F.2d 713, 714. A tort claim against the United States is barred unless it is presented to the appropriate federal agency within 2 years after such claim accrues or unless an action is begun within 6 months after the agency has denied the claim which was presented. 28 U.S.C. § 2401(b); *Allen v. United States*, C.A. 6th (1975), 517 F.2d 1328, 1329. " * * * 28 U.S.C. § 2675(a) deprives the federal courts of jurisdiction over any such cause of action unless the claim has been properly presented to the appropriate federal agency and denied by that agency. The failure by the agency to act within six months on the claim is deemed equivalent to a denial. * * * " *Allen v. United States, supra.*

The complaint herein is deficient, in that it fails to aver that the required administrative procedures were timely commenced and that there has been a final disposition of the administrative claim by the appropriate agency or agencies. *Altman v. Connally*, C.A. 2d (1972), 456 F.2d 1114, 1116[2]; *see* Rule 8(a)(1), Federal Rules of Civil Procedure. Although the plaintiff's brief seems to take the position that he has filed an administrative claim, which claim has not yet been decided, nothing in the record before the Court demonstrates that such a claim has been filed and, if one was filed, that it was timely. The burden, being on the plaintiff to establish that he has properly invoked this Court's jurisdiction of the subject matter, *Alexander v. Hopkins*, D.C.Tenn. (1976), 433 F.Supp. 362, 363[1], the Court hereby ALLOWS the plaintiff 15 days herefrom within which to demonstrate that, as to his claims against the United States in counts II and III of the complaint herein, the necessary jurisdictional prerequisites (including the timeliness of any administrative claim filed) have been satisfied.

All other matters are reserved.

## SUPPLEMENTAL OPINION

This action was dismissed as to the defendants the United States Navy and the Federal Bureau of Investigation. Judgment herein of May 22, 1980. As to the claims asserted against the United States of America in counts II and III of the complaint herein,[1] the allegations were found

1. As was noted by the magistrate in his report and recommendation herein of May 1, 1980, the United States of America was sued only in counts II and III of the complaint.

insufficient to permit the Court to determine that its jurisdiction of the subject matter had been invoked properly, and the plaintiff was allowed 15 days in which to demonstrate the jurisdictional prerequisites had been met. Memorandum opinion and allowance of May 22, 1980 herein. The plaintiff remained silent for that additional period of time. It follows that, upon motion of the defendant the United States of America, this action, as against such defendant, hereby is DISMISSED for lack of the Court's jurisdiction of the subject matter. Rule 12(b)(1), (h)(3), Federal Rules of Civil Procedure.

The plaintiff named 12 governmental entities and individuals as parties defendant herein; he seeks now to add 2 more. The record reflects that only 3 such defendants (the United States of America, the United States Navy and the Federal Bureau of Investigation) have been served with a copy of the summons and complaint.[2] This was pointed-out by the magistrate in his report and recommendation herein of May 1, 1980 and by the Court in its aforementioned memorandum opinion and allowance. Since the United States, the United States Navy and the Federal Bureau of Investigation are no longer parties to this action, there are presently no defendants before the Court. This is true despite the fact that this action was commenced some 7 months ago.

■ It is axiomatic that the due process of law requires proper service of process in order for the Court to obtain *in personam* jurisdiction over each defendant. *Amen v. City of Dearborn*, C.A. 6th (1976), 532 F.2d 554, 557[1]. The burden is on the plaintiff to exercise due diligence to perfect service of process after the filing of the complaint, *Elizabethtown Trust Company v. Konschak*, D.C.Pa. (1967), 267 F.Supp. 46, 48[3], and the burden is also on him to establish that proper service has been made, *Shires v. Magnavox Company*, D.C.Tenn. (1977), 74 F.R.D. 373, 377[7].

■ The failure of a plaintiff to make service of process within a reasonable time may amount to a want of prosecution of his action, *Howmet Corporation v. Tokyo Shipping Co.*, D.C.Del. (1970), 318 F.Supp. 658, 661[3], and his failure to exercise reasonable diligence in this regard subjects his action to a dismissal for his failure to prosecute it. Rule 41(b), Federal Rules of Civil Procedure; *Anderson v. Air West, Inc.* (1976), 542 F.2d 522, 525[5]; *Dewey v. Farchone*, C.A. 7th (1972), 460 F.2d 1338, 1340[3]. " * * * Delay in serving a complaint is a particularly serious failure to prosecute because it affects all defendant's preparations. * * * " *Anderson v. Air West, Inc., supra.* A plaintiff's lack of diligence in perfecting service of process " * * * is more fraught with possibilities of unfairness and abuse than failure to diligently prosecute an action after summons is served. For, in the latter case, a defendant has at least a timely opportunity to investigate the claim and prepare its defense. * * * " *Richardson v. United White Shipping Co.*, D.C.Cal. (1965), 38 F.R.D. 494, 495 - 496[2].

Although the plaintiff desires to add more defendants to this action, the record does not reflect that he has done anything since October, 1979 to secure the service of process on any of the present defendants. Obviously, such process cannot be served on those 4 defendants whose identity is not specified in the complaint.

The use of unnamed or "John Doe" defendants is greatly disfavored in the federal courts. Such complaints " * * * are dangerous at any time. It is inviting disaster to allow them to be filed and to allow fictitious persons to remain defendants if the complaint is still of record. * * * " *Sigurdson v. Del Guercio*, C.A. 9th (1956), 241 F.2d 480, 482[3]; *accord Stenhouse v. Jacobson*, D.C.Cal. (1961), 193 F.Supp. 694,

---

**2.** As to each of the other 9 defendants, an officer of the United States Marshals' Service certified that, after a diligent investigation, he was unable to locate such defendant within this judicial district.

697[7]. While the plaintiff might not have known the identity of certain defendants at the time he filed his complaint, he has had many months in which to conduct an investigation and accomplish discovery procedures with the United States in an effort to identify such persons. It further appears that he has had ample time in which to request the issuance of separate or additional summons against the defendants who were not served. *See* Rule 4(a), Federal Rules of Civil Procedure.

This Court disfavors the dismissal of any action for the failure of the plaintiff to prosecute it; nevertheless, such is a necessary sanction " * * * in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendar of the District Courts. * * * " *Link v. Wabash Railroad Company* (1962), 370 U.S. 626, 629–630, 82 S.Ct. 1386, 1388[1], 8 L.Ed.2d 734, rehearing denied (1962), 371 U.S. 873, 83 S.Ct. 115, 9 L.Ed.2d 112. In its present posture, this action has no future: it cannot be pretried, and it certainly cannot be tried; instead, it can only serve to clog the docket of the Court. The Court hereby ALLOWS the plaintiff 10 days herefrom to show any cause why this action should not be dismissed for his failure to prosecute it by securing service of process on the remaining defendants.