Freya ARUNDAR

v.

## STAFF BUILDERS TEMPORARY PERSONNEL, INC.

### Civ. A. No. 80-1417.

United States District Court,
N. D. Georgia,
Atlanta Division.

Jan. 4, 1982.

---

W. Larue Boyce, Jr., Decatur, Ga., for plaintiff.

John A. Sibley, III, Atlanta, Ga., for defendant.

### ORDER

ORINDA D. EVANS, District Judge.

This action for overtime pay under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, is before the Court on defendant's motion to dismiss, Rules 12(b), 41(b), Fed.R. Civ.P., and plaintiff's motion for amendment of service of process, Rule 4(h), Fed.R. Civ.P.

The bases of defendant's motions are that there is no jurisdiction over defendant because there has never been proper service of process on defendant, and that plaintiff has failed to prosecute this action and to comply with the orders of this Court.

Plaintiff concedes that the person named in the complaint as defendant's agent for service of process was actually not the proper person to serve with process. Therefore, plaintiff now seeks to amend that service of process under Rule 4(h) so that the proper agent can be served.

The Court will deal with defendant's motion first, because if that motion is granted, plaintiff's motion will become moot.

### Defendant's Rule 41(b) Motion

Rule 41(b) states in relevant part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against him." There are three separate "non-actions" by plaintiff in this case which the court will consider here—plaintiff's failure to properly serve process on defendant; plaintiff's failure to prosecute and comply with the orders of this Court by delaying the filing of a pretrial statement; and plaintiff's failure to answer the instant motion to dismiss.

### Service of Process

This action was filed on August 18, 1980. Defendant's answer was filed on October 7, 1980. In that answer defendant denied the allegations of the complaint as to the agent for service, and pleaded as affirmative defenses the insufficiency of service and lack of jurisdiction over defendant. Answer, ¶¶ 2, 3. Defendant's counsel also had one or more telephone conversations with plaintiff's attorney during the days following the filing of the answer in which the problem of the improper service of process was discussed. Defendant's Motion to Dismiss, Exhibit B, Affidavit of John A. Sibley, III, ¶ 2. Plaintiff concedes in her motion for amendment of service of process that she mistakenly served process on the wrong person. Plaintiff's motion was not filed until October 15, 1981, more than one year after plaintiff was placed on notice of the problem.

It is clear that an unreasonable delay in service of process may constitute a "lack of diligence", and can support a motion to dismiss under Rule 41(b) for failure to prosecute even if the defendant cannot demonstrate any actual prejudice. *Index Fund, Inc. v. Hagopian*, 90 F.R.D. 574, 580 (S.D.N.Y.1981). *See also Campbell v. United States*, 496 F.Supp. 36, 39 (E.D.Tenn. 1980); *Howmet Corp. v. Tokyo Shipping Co.*, 318 F.Supp. 658, 661 (D.Del.1970). "Different courts, however, may reach in-

consistent results when attempting to determine if a given delay is so inherently prejudicial that it requires dismissal without considering other factors." *Index Fund, supra.* Compare *Preston v. Mendlinger,* 83 F.R.D. 198 (S.D.N.Y.1979) (two-year delay in service is not determinative standing alone; court must examine other variables), with *Campbell, supra* (plaintiff ordered to show cause why action should not be dismissed for failure to serve certain defendants with process within an eight- or nine-month period). Given this problem and the presence in this action of "other factors", the Court will examine the prejudice issue and the other factors involved in this case—*i.e.,* the other two grounds for possible dismissal—before deciding defendant's motion.

■ The first fact to note is that this Court technically still lacks in personam jurisdiction over defendant because plaintiff has never properly served defendant with process. *See, e.g., Attwell v. La Salle National Bank,* 607 F.2d 1157, 1159 (5th Cir. 1979), *cert. denied,* 445 U.S. 954, 100 S.Ct. 1607, 63 L.Ed.2d 791 (1980). Plaintiff's attorney delayed for over a year after he was put on notice of the defect in service of process before he even attempted to rectify the problem. This failure to correct a fundamental flaw in the cause of action can only be attributed to neglect by plaintiff's attorney. Consideration by a court of prejudice caused by a delay in service of process "comes into play where there has been only 'moderate or excusable neglect.'" *Charles Labs, Inc. v. Banner,* 79 F.R.D. 55, 57 (S.D. N.Y.1978). It is questionable whether a one-year delay is "moderate." Plaintiff has offered as an excuse "that the error in the service of process was one which originated through information conveyed to it [*sic*] by the Secretary of State of Georgia regarding the registered agent for service." Plaintiff's Motion for Amendment of Service of Process. While that may be true, it does not explain why plaintiff's counsel delayed over one year in attempting to remedy the error after he was put on notice of it. Because the Court finds that plaintiff's attorney's actions on this particular issue

place him very close to the line between "moderate or excusable neglect" and "inexcusable neglect", the Court will briefly comment on the prejudice to defendant caused by the delay in service.

Defendant in its motion has not alleged that it has suffered any specific prejudice because of plaintiff's failure to perfect service of process. It certainly was on notice that the cause of action had been filed as evidenced by its filing of an answer and a pretrial statement. However, "[d]elay alone can infuse an adverse element into the proper flow of litigation: evidence deteriorates or disappears, memories fade, and witnesses die or move away. If the delay is unjustified, the court can and must act to redress the balance." *Veazey v. Young's Yacht Sales & Service, Inc.,* 644 F.2d 475, 477–78 (5th Cir. 1981).

The Court finds that the delay in service of process here was indeed unjustified. Yet before the Court acts "to redress the balance", it will first consider the other grounds for dismissal.

### Failure to Comply with Orders of the Court

Plaintiff failed to file a pretrial statement in accordance with this Court's orders of November 20, 1980 and March 4, 1981. The date on which said statement was due was March 29, 1981. This Court issued a notice with regard to the call of the calendar on June 5, 1981 in which plaintiff was further directed to file pretrial statements no later than May 27, 1981. Again plaintiff did not comply. By an order filed on June 24, 1981 the Court for the third time ordered plaintiff to file a pretrial statement within fifteen days or be subject to dismissal without prejudice pursuant to Rule 41(b). Instead of striking out on this third effort by the Court to have plaintiff comply with its orders, plaintiff "hit a foul tip" by filing an inadequate and incomplete pretrial statement on July 9, 1981. Finally, at a hearing on October 5, 1981 the Court ordered plaintiff's attorney to file a complete pretrial statement by October 13, 1981 or

the case would be dismissed with prejudice. Plaintiff filed the statement on October 13.

Although plaintiff complied with the Court's November 20, 1980 order after being ordered to do so no less than four times, the Court finds that plaintiff's counsel's actions with respect to the filing of the pretrial statement present "a clear record of both delay and contumacious conduct." *Martin-Trigona v. Morris*, 627 F.2d 680 (5th Cir. 1980) (upholding district court's dismissal of action where plaintiff, *inter alia*, failed to respond to a motion to dismiss for thirteen months after being ordered to do so three times). This is not a case where the plaintiff's actions can be attributed to counsel's inadvertence, *compare Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972), or where there was no disobedience to the Court's orders. *Compare Gray v. Fidelity Acceptance Corp.*, 634 F.2d 226 (5th Cir. 1981). Rather, this is a case of intentional and willful disregard of the Court's orders by plaintiff's attorney. In such an instance "[t]he court is faced with a Hobson's choice: either it penalizes the plaintiff for the neglect or incompetence of [her] counsel, or it must overlook the non-compliance thereby rendering its order a nullity." *Carter v. City of Memphis*, 636 F.2d 159, 160 (6th Cir. 1980). Until now the Court has overlooked plaintiff's non-compliance because it recognizes that the power of dismissal "should be used quite sparingly and only when less drastic alternatives have been explored." *Ramsay v. Bailey*, 531 F.2d 706, 707 (5th Cir. 1976), *cert. denied*, 429 U.S. 1107, 97 S.Ct. 1139, 51 L.Ed.2d 559 (1977). As plaintiff has now failed to respond to defendant's motion to dismiss, the Court finds that the limits of that exploration have been reached.

*Failure to Respond to Motion to Dismiss*

The instant motion to dismiss was filed on October 23, 1981. As of the date of this order plaintiff has failed to file any response. Under Local Rule 91.2 this Court can consider a motion unopposed if no reply is filed within ten days. The Court is aware that failure to comply with Local Rule 91.2 is not a sufficient reason in and of itself to justify dismissal under Rule 41(b), *Ramsey v. Signal Delivery Service, Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980). However, the Court finds that plaintiff's attorney's "action" in totally ignoring so serious a motion (especially when it is based solely upon his failures to adequately represent his client) is "another brick in the wall" which justifies this Court finding that plaintiff's attorney has engaged in the sort of contumacious conduct that merits dismissal.

*Conclusion*

■ The Court concludes that dismissal with prejudice is warranted in this case pursuant to Rule 41(b) and Local Court Rule 130.[1] Obviously, this decision is based exclusively on the actions of plaintiff's attorney who has utterly failed in this case to maintain the standards of representation of his client that are required by the Code of Professional Responsibility of the State Bar of Georgia.[2] The Court is mindful of the fact that plaintiff is "in no way connected with or responsible for, [her] proctor's dilatory conduct", *Flaksa v. Little River Marine*

---

1. Local Court Rule 130 reads in pertinent part:
   DISMISSAL OF CIVIL CASES
   131.1 For Want Of Prosecution. In these instances, and in other instances provided by law or court rules, the Court may, with or without notice to the parties, dismiss any case other than a criminal case for want of prosecution:
   131.11 When plaintiff shall in any case for more than sixty days after filing suit willfully fail or refuse to have defendants, or some of them, served with process within the time permitted by law, or shall willfully fail or refuse to make ready the case, or cause same

   to be made ready, to be placed on the trial calendar.
   131.12 If plaintiff or his attorney shall, after notice, fail or refuse to appear at the time and place fixed for pretrial, or other hearing, or trial in a case, or fail or refuse to obey a lawful order of the Court in the case.

2. *See* Canon 6, "A Lawyer Should Represent a Client Competently", and Canon 7, "A Lawyer Should Represent a Client Zealously within the Bounds of the Law." 9 Ga.Code Ann. Appendix (1981 Supplement).

*Construction Co.*, 389 F.2d 885, 889 (5th Cir. 1968), *cert. denied*, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968); and that "parties should not be punished for their counsel's neglect except in extreme circumstances." *Hassenflu v. Pyke*, 491 F.2d 1094, 1095 (5th Cir. 1974). While perhaps none of the three grounds discussed above would constitute "extreme circumstances" in isolation, the three of them taken together represent the kind of total disregard for the integrity of the judicial process which can only be characterized as extreme. Plaintiff "voluntarily chose this attorney as [her] representative in the action, and [she] cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Link v. Wabash R. R.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962).

In sum, defendant's motion to dismiss is GRANTED. Plaintiff's motion to amend service of process is DENIED as MOOT.