Joe **PUGH**, Plaintiff,

v.

**FARMERS HOME ADMINISTRATION,**
Defendant.

No. 93–842–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 28, 1994.

Joe R. Pugh, pro se.

Michael A. Cauley, U.S. Attys. Office, Tampa, FL, for FmHA.

### ORDER ON MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant, Farmers Home Administration's, motion to dismiss for lack of jurisdiction over the subject matter, pursuant to Rule 12(b)(1), Fed.R.Civ.P., filed October 20, 1993, and Plaintiff's response thereto, filed October 27, 1993.

### I. BACKGROUND

This controversy arises as a result of a foreclosure sale of the plaintiff's property and subsequent eviction of the plaintiff, Joe Pugh ("Pugh"), from that property by the Farmers Home Administration ("FmHA").

On or about August 3, 1984, Pugh obtained a farm ownership loan from FmHA and exe-cuted a promissory note and a mortgage in favor of FmHA on the real estate purchased with the loan proceeds. The mortgage held by the FmHA was a second lien on the subject property. The first lien holder, Howard Estroff, foreclosed on the property on July 18, 1986. Estroff was the successful bidder at the foreclosure sale and thereby became the owner of the subject real property.

The FmHA thereafter became the owner of the subject realty when it elected to redeem the property from Estroff pursuant to 28 U.S.C. § 2410(c). FmHA acquired title to the realty in question on August 21, 1987. Pugh refused to turn over the property and the United States, on behalf of the FmHA, filed a Complaint for Eviction on March 1, 1989, in the United States District Court for the Middle District of Florida, Case No. 89–285–CIV–T–10C. On or about June 16, 1989, the court entered an order in favor of the United States evicting Pugh from the subject real property. On June 21, 1989, the Eviction Judgment was executed and Pugh was evicted from the subject property.

On April 13, 1993, Pugh filed his Complaint in the case at bar in the Circuit Court for Hillsborough County, Florida. On May 20, 1993, the United States removed this suit to the United States District Court for the Middle District of Florida, Tampa Division. Pugh alleges in his Complaint that the subject property has been wrongfully taken from him. Pugh is seeking $1 million in damages due to the loss of this property and to regain his property.

### II. STANDARD OF REVIEW

■ On a motion to dismiss, the Court must read Plaintiff's *pro se* allegations liberally, holding them to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). However, a *pro se* litigant must still meet minimal pleading standards. *Olsen v. Lane*, 832 F.Supp. 1525 (M.D.Fla.1993).

### III. DISCUSSION

■ It must first be noted that the plaintiff has incorrectly named the FmHA as

a party to this suit. It is well settled that a federal department or agency may be sued only if the Congress has authorized the action because the United States is the real party in interest. 14 Wright, Miller & Cooper, Federal Practice and Procedure 174–175, § 3655. The FmHA, an unincorporated department of the federal government, is not a legal entity and may not be sued. *Owyhee Grazing Ass'n, Inc. v. Field,* 637 F.2d 694 (9th Cir.1981). However, applying the liberal pleading standards for *pro se* litigants, this Court construes the Complaint in the instant case as basing claims against the United States. *Geiger v. Schweinler,* 1993 WL 62124 (D.Kan. February 12, 1993).

The United States, as sovereign, is immune from suit unless it has consented to be sued. *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). The United States has consented to be sued in tort under the terms of the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.* However, exhaustion by the plaintiff of administrative remedies is a jurisdictional prerequisite to filing an action pursuant to the FTCA. 28 U.S.C. § 2675(a); *Gregory v. Mitchell,* 634 F.2d 199 (5th Cir.1981); *Lundstrum v. Lyng,* 954 F.2d 1142 (6th Cir. 1991). Since the exhaustion of administrative remedies is a jurisdictional requirement it can not be waived. *United States v. Kubrick,* 444 U.S. 111, 117–18, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259 (1979); *Manstream v. United States Department of Agriculture,* 649 F.Supp. 874 (M.D.Ala.1986).

The FTCA contains a further requirement that the administrative claim "be submitted to the appropriate federal agency within two years of the alleged injury". 28 U.S.C. § 2401(b). This requirement is also jurisdictional and cannot be waived. *Manstream,* at 879; *Rooney v. United States,* 634 F.2d 1238 (9th Cir.1980).

Pursuant to Federal Rule of Civil Procedure 8(a)(1), "a pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ...". The Complaint in the instant case is deficient in that it fails to allege that the

required administrative procedures were timely commenced. *Campbell v. United States,* 496 F.Supp. 36 (E.D.Tenn.1980); *Gillespie v. Civiletti,* 629 F.2d 637 (9th Cir. 1980). Plaintiff has therefore, failed to meet his burden of establishing that he has properly invoked the subject matter jurisdiction of this Court. *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.,* 907 F.2d 911 (9th Cir.1990). Accordingly, it is

**ORDERED** that Defendant Farmers Home Administration's Motion to Dismiss for lack of subject matter jurisdiction be **granted** and the Clerk of the Court shall enter judgment for the defendant.

**DONE AND ORDERED.**