930 F.2d 919
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard W. PLYMALE, Plaintiff-Appellant,
v.
Donald R. FREEMAN, Esq., Judith A. Fullerton, Michael J.
Mangapora, Robert Weyhing, III, Michael V. Kell, Barry L.
Moon, H. William Butler, Donald G. Rockwell, Thomas Yeotis,
Robert M. Ransom, William A. Redmond, Stewart A. Newblatt,
John Doe, John/Jane Doe 1, John/Jane Doe 2 each and every
associate of the court officers represented above, Juridical
Person of the Chief Administrative Office of the Judicial
Court System of the State of Michigan, Defendants-Appellees.
 No. 90-2202.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1991.
 
 1
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and FORESTER, District Judge.*
 
 ORDER
 
 2
 Richard W. Plymale, a pro se Michigan resident, appeals the district court's order dismissing his action filed pursuant to 42 U.S.C. Sec. 1983 and the Racketeer Influenced Corrupt Organization Act (RICO), 18 U.S.C. Sec. 1961. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking damages under Sec. 1983 and treble damages under RICO, Plymale sued numerous attorneys, (Mangapora, Weyhing III, Kell, Butler, Moon, Rockwell, and Redmond) several judges (Newblatt, Freeman, Fullerton, Yeotis, and Ransom) as well as the "Judicial Person of the Chief Administrative Office of the Judicial Court System of the State of Michigan." The complaint does not state that defendants are being sued in their individual as well as official capacity. The action arose out of Plymale's unsuccessful and lengthy state court litigation concerning his billings to the Delta Dental Plan for the application of a dental treatment known as "Zercate Treatment Paste." Plymale is a dentist licensed to practice in Michigan.
 
 
 4
 Plymale raised numerous allegations in a rambling complaint which is 119 pages long and encompasses twenty-four counts. In his complaint, Plymale relied on the principle of "lex talionis," i.e., "an eye for an eye and no constitutional rights for no constitutional rights." Thus, he sought to have the court revoke the citizenship of all the defendants, declare that their constitutional rights are "null," and have their legal status changed to "alien resident." He also requested: (1) that the entire court system of the state of Michigan be altered to a buddy system so that no judge could act without the concurrence of another; (2) that the federal courts replace the elected judges of the Supreme Court of Michigan with senior judges from the state Court of Appeals; and (3) that the state regulatory agencies, such as the Michigan Judicial Tenure Commission, be replaced by independent regulatory agencies such as the Michigan Department of Licensing and Regulation.
 
 
 5
 The current complaint, filed in December 1989, is Plymale's third complaint. Plymale's first complaint was struck from the record by Judge Newblatt, who ordered that an amended complaint be filed. The amended complaint which was filed in July 1989, was dismissed without prejudice by Judge Newblatt because it failed to comply with Fed.R.Civ.P. 8(a).
 
 
 6
 After a review, the district court dismissed the complaint with prejudice for failure to comply with Fed.R.Civ.P. 8. The court also noted that the complaint contained multiple defects which could not be cured by repleading. Plymale has filed a timely appeal. In addition, he has filed a separate motion for miscellaneous relief, which asks this court to grant him "standing" on appeal.
 
 
 7
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Plymale's complaint for failure to comply with Rule 8. See Michaelis v. Nebraska State Bar Ass'n, 717 F.2d 437, 439 (8th Cir.1983); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir.1981) (per curiam).
 
 
 8
 Accordingly, the motion for miscellaneous relief is denied, and the district court's judgment is affirmed for the reasons stated in the district court's order dated September 24, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Karl S. Forester, U.S. District Judge for the Eastern District of Kentucky, sitting by designation