<u>UNPUBLISHED</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 04-1305

———————————

STATE OF NORTH CAROLINA; UNION COUNTY; K. M.,
by and through his next friends, C. Timothy
Mathis and Shannon Mathis; Q. M., by and
through his next friends, C. Timothy Mathis
and Shannon Mathis; B. J., by and through his
next friend, Jodi Livengood; L. L., by and
through her next friend, Eric Livengood; K.
B., by and through her next friends, Michelle
Barnette and Michael Barnette; C. TIMOTHY
MATHIS; SHANNON MATHIS; CHARLES MATHIS;
JEFFREY MATHIS,

Plaintiffs - Appellants,

versus

WILLIAM FRANKLIN MCGUIRT, Sheriff of Union
County, in his individual and official
capacities; OLD REPUBLIC SURETY COMPANY, as
surety; HARLEYSVILLE MUTUAL INSURANCE COMPANY,
as surety; TED KEZIAH; HARRY FUSS; RANDY COX;
GREG STEWART; LARK PLYLER, JR.; STEVE SIMPSON;
DAIRY SIMPSON; DAVID F. PIERCE, as personal
representative of the estate of Roger D.
Laney; BILL TUCKER; SHANE MCKENZIE; JEFF WEBB;
E. M. GOODMAN; DAVID LINTO; DEXTER WILSON;
KAREN CROOK; KEVIN JAMES; BILL SHAW; TOMMY
ALLEN; RYAN HUNKE; MIKE EASLY; W. A. GAGNON;
CHAD COPPAGE; BRIAN HELMS; R. TOMBERLIN; J.
KIRKLEY; TOMMY GALLIS; MICHAEL COPPAGE; EDWARD
HENDRICKS; JOHN INGANI, Deputy Sheriffs, in
their individual and official capacities;
DANNY THOMPSON; JOHN DOES; JOYCE THOMAS,

Defendants - Appellees,

and

T. PRICE,

Defendant.

STATE OF NORTH CAROLINA; UNION COUNTY; K. M., by and through his next friends, C. Timothy Mathis and Shannon Mathis; Q. M., by and through his next friends, C. Timothy Mathis and Shannon Mathis; B. J., by and through his next friend, Jodi Livengood; L. L., by and through her next friend, Eric Livengood; K. B., by and through her next friend, Michelle Barnette; MICHAEL BARNETTE; C. TIMOTHY MATHIS; SHANNON MATHIS; CHARLES MATHIS; JEFFREY T. MATHIS,

Plaintiffs - Appellants,

versus

WILLIAM FRANKLIN MCGUIRT, Sheriff of Union County, in his individual and official capacities; OLD REPUBLIC SURETY COMPANY, as surety; HARLEYSVILLE MUTUAL INSURANCE COMPANY, as surety; TED KEZIAH; HARRY FUSS; RANDY COX; GREG STEWART; LARK PLYLER, JR.; STEVE SIMPSON; DAIRY SIMPSON; DAVID F. PIERCE, as personal representative of the estate of Roger D. Laney; BILL TUCKER; SHANE MCKENZIE; JEFF WEBB; E. M. GOODMAN; DAVID LINTO; DEXTER WILSON; KAREN CROOK; KEVIN JAMES; BILL SHAW; TOMMY ALLEN; RYAN HUNKE; MIKE EASLY; W. A. GAGNON; CHAD COPPAGE; BRIAN HELMS; R. TOMBERLIN; T. PRICE; J. KIRKLEY; TOMMY GALLIS; MICHAEL COPPAGE; EDWARD HENDRICKS; JOHN INGANI, JOYCE THOMAS, Deputy Sheriffs, in their individual and official capacities; DANNY THOMPSON; FNU LNU, #1-18, as Deputy Sheriffs of Union County, in individual and official capacities; KAREN VONKAAS; MICHAEL JANKOWSKI; KEVIN P. COLLINS; DAVID F. PIERCE, as personal representative of the estate of Roger D. Laney,

Defendants - Appellees.

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Chief District Judge. (CA-02-353-3; CA-03-401-3)

---

Argued: October 1, 2004          Decided: November 17, 2004

---

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** Aaron Edmund Michel, Charlotte, North Carolina, for Appellants. Elizabeth Ann Martineau, HEDRICK, EATMAN, GARDNER & KINCHELOE, Charlotte, North Carolina; Matthew L. Mason, MOSS, MASON & HILL, Greensboro, North Carolina, for Appellees. **ON BRIEF:** Edward L. Eatman, Jr., HEDRICK, EATMAN, GARDNER & KINCHELOE, Charlotte, North Carolina; Fred W. DeVore, III, DEVORE, ACTON & STAFFORD, P.A., Charlotte, North Carolina; William L. Hill, MOSS, MASON & HILL, Greensboro, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

The district court dismissed the plaintiffs' complaint in this case under Federal Rule of Civil Procedure 12(b)(6) because the plaintiffs failed to file a complaint that contained a "short and plain statement of [their] claim[s] showing that [they are] entitled to relief," as required by Federal Rule of Civil Procedure 8(a). Because the plaintiffs had attempted to state their claims in an earlier complaint that was dismissed for the same reasons, the district court dismissed this complaint with prejudice. On appeal, we conclude that the district court did not abuse its discretion in dismissing the plaintiffs' complaint with prejudice for failing to comply with the district court's earlier instructions, and therefore we affirm.

I

The plaintiffs commenced an action on August 26, 2002, to complain that over the course of eight years, Sheriff William McGuirt of Union County, North Carolina, several deputies, and a handful of other individuals engaged in a concerted effort to harass plaintiff Timothy Mathis and destroy his bail bonding business. The centerpiece of the complaint related to a search conducted of Mathis' house on July 31, 2002, by sheriffs armed with a search warrant.

The plaintiffs' complaint contained 211 counts and occupied almost 200 pages. Although that complaint seemed to

describe numerous interactions between the plaintiffs and defendants, the district court observed that "[t]he majority of the claims [arose] from a search executed pursuant to a search warrant, 'on or about July 31, 2002.'" Following the filing of that complaint, the plaintiffs filed two amended complaints. On the defendants' motion to dismiss the second amended complaint, the district court observed that the plaintiffs had used a template, which they "apparently . . . 'cut and pasted' into each of the other counts alleg[ing] '. . . Sheriff McGuirt and his deputies . . . under color of statute, ordinance, regulation, custom and usage willfully, intentionally, arbitrarily, capriciously, and maliciously subjected [particular plaintiff] to the deprivation of rights, privileges, and immunities secured by the Constitution and laws, in violation of 42 U.S.C. § 1983.'" The court concluded that the prolix facts, however, did not support any viable claim upon which relief could be granted and that the template was simply a conclusory allegation that did not state a claim upon which relief could be granted. The district court dismissed the complaint without prejudice, granting the plaintiffs the right to file a third amended complaint. Rather than filing a third amended complaint, however, the plaintiffs proceeded to appeal the district court's order. We dismissed that appeal because the district court's order was not a final appealable order. The plaintiffs

never filed a third amended complaint, and the court directed that that case be closed.

In lieu of filing a third amended complaint in that case, the plaintiffs filed another complaint, this time in a North Carolina state court. That complaint made substantially the same allegations in 113 counts filling 79 pages. The defendants removed the state court action to the district court and again filed a motion to dismiss the complaint. The district court again, relying on Rules 8(a) and 12(b)(6), granted the defendants' motion to dismiss. This time, however, the court dismissed the complaint with prejudice.

The plaintiffs have appealed the closure of the first action, in which the plaintiffs failed to file a third amended complaint,[*] as well as dismissal of the second action, in which the court ordered dismissal with prejudice.

II

Although we generally review an order dismissing a complaint for failure to state a claim upon which relief can be granted de novo, see Eastern Shore Markets, Inc. v. J. D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000), when that decision is based on a plaintiff's failure to comport with Rule 8(a), we

---

[*]We affirm the district court's closing of the first action because plaintiffs never filed an amended complaint in that action, as authorized to do by the district court.

-6-

review the district court's decision for abuse of discretion. See Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000); In re Westinghouse, 90 F.3d 696, 702 (3d Cir. 1996); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1217 (3d ed. 2004). When determining whether a district court abused its discretion in dismissing for failure to comply with Rule 8(a), courts have looked to various factors, including the length and complexity of the complaint, see, e.g., United States ex. rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003), whether the complaint was clear enough to enable the defendant to know how to defend himself, see, e.g., Kittay, 230 F.3d at 542, and whether the plaintiff was represented by counsel, see, e.g., Elliot v. Banson, 872 F.2d 20, 21-22 (2d Cir. 1989).

The complaint before us is both long and complex and fails to state its claims clearly enough for the defendants to know how to defend themselves. The factual background section of the complaint occupies 20 pages and is filled with needless details, such as why the Mathis family was out of town on one occasion, how long Mathis had to wait to see his clients in jail at times, and almost verbatim contents of conversations, including allegations that the defendants used a "smart-alecky" tone of voice. It is virtually impossible to separate the legally significant from the legally insignificant facts in this factual background and then to match them with claims purportedly made in the complaint.

-7-

In another section, the plaintiffs do attempt to match the factual allegations to legal claims, but they do so in a way that forces the reader to cross-reference the factual background section and wade indeterminately through the morass of superfluous detail. In attempting to accomplish this cross-referencing effort, the reader discovers that most of the cross-referenced facts do not support any legal theory or claim. Moreover, simply to discover who is being charged in each count becomes indeterminate. For example, Count 82 alleges that Sheriff McGuirt and 17 deputies committed a forcible trespass to Mathis' property on July 31, 2002 (albeit with a warrant), the background section of the complaint names only 8 deputies involved in the July 31 incident, one of whom is not among the 17 named in Count 82.

In short, the complaint in its present form does not permit the defendants to figure out what legally sufficient claim the plaintiffs are making and against whom they are making it. At oral argument, the court attempted to discover the essence of plaintiffs' claims, asking counsel specifically what theories were being alleged. When counsel identified, as an example, the Fourth Amendment as a source for a claim based on the allegation that the sheriff and his deputies came onto Mathis' property on July 31, 2002, searched his home, and identified personal property, counsel was unable to explain how the search violated the Fourth Amendment when the officers concededly operated with a search warrant.

Rather than enlighten the court on that claim, counsel shifted the response to assert that the warrant was illegal. When the court pursued why the warrant was illegal, particularly in view of the fact that it had been signed by a judge, counsel shifted the response to assert that the information presented to the judge was untruthful in some unidentified way.

Although there might be facts on which plaintiffs could have stated a claim with respect to the search-related issues, the complaint as drafted does not reveal them. Accordingly, we readily conclude that the district court did not abuse its discretion in dismissing plaintiffs' complaint under Rule 12(b)(6) for failure to comply with Rule 8(a). But this leaves the bigger question of whether the district court abused its discretion by dismissing the claim with prejudice.

Dismissing a claim with prejudice for failure to comply with Rule 8(a) tends to undermine one of the policies of the Federal Rules of Civil Procedure: facilitating a decision on the merits rather than on pleading technicalities. Accordingly, dismissal with prejudice is an extreme sanction that must be examined carefully. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Wright & Miller, supra, § 1217. Aggravating factors may, however, present sufficient weight in favor of that sanction and bring it within the appropriate discretion of the district court. One such aggravating factor, for instance, is whether the

plaintiff has <u>persisted</u> in failing to comply with Rule 8(a).  <u>See,</u> <u>e.g.</u>, <u>Lockheed-Martin</u>, 328 F.3d at 379 (upholding district court's dismissal with prejudice after finding plaintiff's fourth attempt to comply with Rule 8(a) unsuccessful); <u>Kuehl v. F.D.I.C.</u>, 8 F.3d 905 (1st Cir. 1993) (upholding district court's dismissal with prejudice after plaintiff's amended complaint failed to comply with Rule 8(a)).

In dismissing the first complaint, the district court specifically directed the plaintiffs to allegations of a § 1983 claim to give an example of the type of conclusory language that violated § 8(a) and 12(b)(6).  Yet, in their second complaint, the plaintiffs failed substantially to alter even that claim, repeating almost verbatim what had been stated in the first complaint.

Although the plaintiffs managed to trim the second complaint to less than half the number of pages of the original complaint, they did so not by reducing or simplifying the allegations, but by presenting their claims in a chart format that is even more difficult to understand.  Similarly, although the second complaint appears to contain almost 100 fewer counts than the first complaint, the plaintiffs created only an illusion by numbering the claims in the second complaint by group rather than individually.

We have seen no evidence in the record that would indicate that if the plaintiffs were given further opportunities,

they would be able to correct the deficiencies. It may be that they simply do not have claims and are burying conclusory statutory language in a long scenario of irrelevant facts to give the appearance of legally justified claims. Indeed, we sought to find out by inquiring at oral argument how plaintiffs would amend their complaint if given the opportunity. The dialogue during oral argument was no different in kind than the allegations reviewed by the district court in the plaintiffs' pleadings. While the discussion with this court during oral argument was not part of the record before the district court, we are satisfied that based on the record before the district court, the court did not abuse its discretion in dismissing the plaintiffs' claim with prejudice.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED