RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 21a0163p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

TEMUJIN KENSU,

　　　　　　　　　　　*Plaintiff-Appellant*,

　　*v.*

CORIZON, INC.; PATRICIA SCHMIDT; KEITH PAPENDICK; RICKEY J. COLEMAN; EUTRILLA TAYLOR; MINNIE MARTIN; WILLIAM BORGERDING; RANDALL HAAS; GEORGE STEPHENSON; CHRIS STEECE; DARRELL M. STEWARD; LIA GULICK; LORI KISSAU; JEFFREY W. BOMBER; ROBERT LACY; KIM FARRIS; RICHARD RUSSELL; LISA ADRAY; ANGELA FORTESCUE; PATRICIA WILLARD; PATRICK WARREN; HOWARD TYREE; JOSHUA A. BUSKIRK; GINA COUTURIER; RAMESH KILARU; PENNY RODGERS; REGINA JENKINS-GRANT, AMIE JENKINS,

　　　　　　　　　　　*Defendants-Appellees*.

No. 21-1083

───────────────

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:19-cv-10616—Linda V. Parker, District Judge.

Decided and Filed: July 20, 2021

Before: BOGGS, CLAY, and KETHLEDGE, Circuit Judges.

───────────────

**COUNSEL**

**ON BRIEF:** Keith L. Altman, THE LAW OFFICE OF KEITH ALTMAN, Farmington Hills, Michigan, for Appellant. James T. Farrell, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Michigan Department of Corrections Appellees. Jonathan C. Lanesky, CHAPMAN LAW GROUP, Troy, Michigan, for Corizon Appellees.

---

**OPINION**

---

BOGGS, Circuit Judge.　Temujin Kensu, also known as Frederick Freeman, is a permanent resident of the Michigan Department of Corrections (MDOC), sentenced to life imprisonment for first-degree murder.　*See generally Freeman v. Trombley*, 744 F. Supp. 2d 697 (E.D. Mich. 2010), *rev'd*, 483 F. App'x 51 (6th Cir. 2012).　Alleging several deprivations of constitutional rights, he filed a complaint against Corizon, a correctional-health-care contractor, and twenty-nine Corizon and MDOC employees.　Finding his complaint too long and unclear, the district court dismissed it and let Mr. Kensu try again.　He did, but it was still too long and unclear. The district court explained the problems with Mr. Kensu's complaint in more detail and gave him one last chance to amend it.　But, perhaps channeling the spirit of Polonius, Mr. Kensu made his complaint *longer* instead of reducing it to a plain statement of his grievance.　The district court therefore dismissed his complaint with prejudice. For the reasons below, we affirm.

## I.  BACKGROUND

Mr. Kensu has filed several actions under 42 U.S.C. § 1983 during his sentence.　One of them led to a jury trial in which he won $325,002 (including $285,000 in punitive damages) after the jury found that five defendants had been "deliberately indifferent to his serious medical need[s]."　Verdict Form, *Kensu v. Buskirk*, No. 13-cv-10279 (E.D. Mich. Mar. 28, 2016), ECF No. 139.　Since then, Mr. Kensu has filed several more suits against MDOC and Corizon personnel, including putative class actions, some of which remain pending.

Amidst his flurry of legal activity, Mr. Kensu began this case in March 2019.　His original complaint had 808 numbered allegations—not counting suballegations—spanning 180 pages.　Although his counsel failed to identify this case as related to any of his earlier actions—in violation of a local rule—the district court determined that it was a companion to *Kensu v. Borgerding*, No. 16-cv-13505 (E.D. Mich.), and reassigned it to the docket of District Judge Linda V. Parker, who presides over *Borgerding*.

Two of the MDOC employees named as defendants (collectively, the "MDOC defendants") filed a motion to dismiss the complaint, arguing that it violated Federal Rule of Civil Procedure 8(a)(2) as well as Rules 18 and 20 (governing joinder). The remainder of the MDOC defendants joined the motion to dismiss after receiving service of process. Corizon and several of its employees named as defendants (collectively, the "Corizon defendants") also filed a motion to dismiss the complaint on the grounds that it violated Rule 8 and, alternatively, that two counts should be dismissed under Rule 12(b)(6).

Because the complaint "repeat[ed] many of the same allegations asserted in" *Borgerding*, the district court found it "difficult to discern what conduct" was "unnecessary background and what conduct [wa]s being alleged." The court therefore dismissed the complaint under Rule 8 but gave Mr. Kensu leave to amend it and refile.

He trimmed over 40% of the page count and likewise reduced the allegation count by about 33% before refiling. But the defendants moved to dismiss on the same grounds as before, noting that the reduced page count was due at least in part to mere cosmetic changes (such as margin reduction).

The district court again dismissed the complaint, finding it both to "contain[] an unnecessarily lengthy recitation of [Mr. Kensu's] past medical conditions and treatment while an MDOC prisoner" and to "lack[] sufficient detail concerning the factual allegations on which the claims against many of the . . . defendants [we]re based." In particular, Mr. Kensu had "fail[ed] to identify when much of the alleged misconduct occurred," making it impossible for the district court or "opposing counsel to discern which factual allegations [we]re asserted to provide context," "which [we]re asserted to support his current claims, and which [we]re legally insignificant." The court was also "particularly troubl[ed]" by the absence of a timeframe for many of the allegations against defendants that Mr. Kensu had already sued in other proceedings. That made it "difficult for the Court and opposing counsel to discern whether the conduct alleged ha[d] been" or "should have been litigated before." And the complaint repeatedly used the generic reference "Defendants," not clarifying which named defendants were involved in each allegation, "even where it [wa]s clear that not all of them could have been involved."

The district court gave Mr. Kensu "one last chance" to file a pleading that "omits unnecessary prolixity" and "clearly and concisely imputes concrete acts to specific defendants."

Mr. Kensu then filed a second amended complaint. But his page count and allegation count both went up: to 108, from 104, and 579, from 542, respectively. Rather than trimming the excess as the district court had ordered, he relied on superficial additions such as a table of contents and "descriptive headings to guide the reader." He also attempted to wall off his claims here from those in his other cases by purporting to restrict his allegations to conduct after June 30, 2017, or to conduct *relating to* medical conditions diagnosed after June 30, 2017. (Thus, his complaint still alleges conduct from before July 2017.)

That pleading was Mr. Kensu's third strike. The district court found that the defendants would have still "ha[d] to expend enormous effort digging through 'a morass of irrelevancies' to identify 'the few allegations that matter.'" (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). The complaint was "woefully short on specifics," "frequently connect[ed] back to conditions or complaints already litigated," and "lack[ed] the substance needed for Defendants to answer and assert any pertinent affirmative defenses." And because the conspiracy allegations were vague, conclusory, and unsupported by material facts, they were insufficient to cure the complaint's continuing use of the generic term "Defendants" throughout. The district court dismissed the complaint with prejudice and entered judgment for the defendants.

Mr. Kensu timely appealed, and we now exercise jurisdiction under 28 U.S.C. § 1291.

## II. ANALYSIS

### A. Rule 8

"A pleading that states a claim for relief must contain," among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a), (a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). These rules descend from the former Equity Rules 25 and 30 before the merger of law and equity in the

federal courts.  Fed. R. Civ. P. 8(a), (e) advisory committee's note to 1937 adoption.[1]  Equity Rule 25 helped in "simplifying and abbreviating" the habitually "verbose and reiterative" bills of complaint that once flourished in district court dockets.  *Zenith Carburetor Co. v. Stromberg Motor Devices Co.*, 205 F. 158, 159 (E.D. Mich. 1913); *see also* Wallace R. Lane, *Federal Equity Rules*, 35 Harv. L. Rev. 276, 285 (1922).  Likewise for Equity Rule 30, which was "intended to simplify equity pleading and practice by limiting the pleadings to a statement of ultimate facts without evidence and by uniting in one action as many issues as could conveniently be disposed of."  *Am. Mills Co. v. Am. Sur. Co. of N.Y.*, 260 U.S. 360, 364 (1922).

Rule 8 continues in those purposes today.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Rule 8(a)(2) "requires only 'a short and plain statement of the claim'" that will "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Twombly*, 550 U.S. at 561)). Of course, as our citation suggests, *Twombly*—not to mention *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)—has worked some change on the pleading regime.  A plaintiff must now plead enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012) (quoting *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010)).  Even so, it is "inaccurate to read [*Twombly* and *Iqbal*] so narrowly as to be the death of notice pleading."  *Id.* at 614.  Rather, "we recognize the continuing viability of the 'short and plain' language of" Rule 8.  *Ibid.*

We have not had much occasion to interpret Rule 8 in the posture now presented.  This is a dismissal not for failure to plead facts that, if true, make the defendant's liability at least *plausible*.  Rather, it is for Mr. Kensu's repeated failure to plead claims and allegations with *clarity*, because of which the defendants lacked "fair notice" of his claims and "the grounds upon which they rest."  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).  We therefore publish this opinion to set precedent for any future cases in this vein.

---

[1]What is now subdivision (d) of Federal Rule of Civil Procedure 8 was initially subdivision (e).  *See Sherman v. Air Reduction Sales Co.*, 251 F.2d 543, 546 (6th Cir. 1958) (stating that "each averment of" a complaint should be "simple, concise, and direct," and quoting Rule 8(e)(1)).

B.  Standard of Review

The parties all assert that we review de novo, but they support that proposition with cases reviewing motions to dismiss under Rule 12.  That is the wrong standard.  Unlike determining whether factual allegations suffice to state a plausible claim, determining whether a complaint is plain or concise is not a legal question.  It involves an understanding of the record that the district court is more familiar with than we are.  And choosing the appropriate remedy involves the specifics of courtroom and docket management and assessing the right amount of patience to have for a particular plaintiff.

Abuse of discretion is thus the proper standard of review.  Indeed, we have used this standard to review a Rule 8 dismissal twice before.  *See Blake v. De Vilbiss Co.*, 118 F.2d 346, 347 (6th Cir. 1941) (per curiam); *Plymale v. Freeman*, No. 90-2202, 1991 WL 54882, at \*1 (6th Cir. Apr. 12, 1991).  And our sister circuits agree.  *See, e.g.*, *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161–62 (10th Cir. 2007); *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004);[2] *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996); *Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1993); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *Mangan v. Weinberger*, 848 F.2d 909, 911 (8th Cir. 1988); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969); *North Carolina v. McGuirt*, 114 F. App'x 555, 558 (4th Cir. 2004).

C.  When a Complaint Violates Rule 8

What is a short and plain statement of a claim or a simple, clear, and direct allegation will, of course, depend on the totality of the circumstances: more complicated cases will generally require more pleading.  What Rule 8 proscribes is *obfuscation* of the plaintiff's claims.  *See Swierkiewicz*, 534 U.S. at 514.  The district court and defendants should not have to "fish a

---

[2]The D.C. Circuit has also applied clear-error review to this issue at one point. *Renshaw v. Renshaw*, 153 F.2d 310, 310–11 (D.C. Cir. 1946).  To the extent that the district court makes a judgment or factual finding that a pleading is prolix, contains too much unnecessary detail, or is so unclear that neither court nor defendant can identify the plaintiff's claims, the abuse-of-discretion standard implies clear-error review of that judgment or finding. *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) ("An abuse of discretion occurs if the district court relies on clearly erroneous findings of fact, applies the wrong legal standard, misapplies the correct legal standard when reaching a conclusion, or makes a clear error of judgment." (quoting *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 536 (6th Cir. 2012))).

gold coin from a bucket of mud" to identify the allegations really at issue. *Garst*, 328 F.3d at 378. So, while excessive length may indicate a lack of requisite concision and simplicity, it cannot be the sole factor justifying dismissal. *Bennett*, 153 F.3d at 518; *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1132–33 (9th Cir. 2008) (finding it an abuse of discretion to dismiss with prejudice a "long but intelligible" complaint that "allege[d] viable, coherent claims"). The key is whether "the complaint is so 'verbose, confused and redundant that its true substance, if any, is well disguised.'" *Gillibeau*, 417 F.2d at 431 (quoting *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)).

Here, the district court did not abuse its discretion in finding that the second amended complaint violated Rule 8. The complaint "continue[d] to recite in extensive detail alleged conduct that is the subject of [Mr. Kensu]'s previous lawsuits" such as "the denial of certain accommodations and medications [and] Corizon's pattern of denying requests for consultations." And it "discusse[d] serious medical needs and medical conditions" at issue in his other lawsuits or that perhaps *could* have been litigated in those suits. Indeed, while Mr. Kensu purports to circumscribe his allegations by time, he still includes allegations that are from before July 2017 because he sues for allegedly deliberate indifference related to conditions that were not diagnosed until July 2017 or later. But that makes it hard to figure out which allegations are really at issue and which are background, especially for allegations that are undated.

And the district court, far better versed in Mr. Kensu's manifold actions than we are, even commented on its difficulty in discerning whether the cutoff date really distinguishes any of his current claims from others already pending. For example, compare his assertion that Corizon has a "protocol" of "'defer[ring]' 90% to 99% of all physician-recommended requests crucial for a prisoner's medical treatment" in *Kensu v. Corizon*, No. 19-cv-10944 (E.D. Mich. May 14, 2019), with the allegation in this case that Dr. Keith Papendick, a manager employed by Corizon, defers "90% to 99% of all requests."

The district court accurately explained why Mr. Kensu's pleading would cause both the court and the defendants undue difficulty in determining the claims and allegations actually at issue in this litigation. So it did not abuse its discretion in finding that the pleading failed to comply with Rule 8.

### D. Remedies for Rule 8 Violations

We have found five cases in which we have considered the propriety of the district court's dismissal of a complaint for violating Rule 8. *Blake*, 118 F.2d 346, mentioned above, was the first. There, we found no abuse of discretion in a dismissal with prejudice after the plaintiff and his successor submitted not just one prolix complaint with imprecise statements of his claims but also three amended complaints with the same defects. *Id.* at 347.

In *Sherman v. Air Reduction Sales Co.*, 251 F.2d 543 (6th Cir. 1958), in reversing the dismissal of a complaint, we ruled that Rule 8 did not justify dismissal. *Id.* at 546. Although "the complaint [wa]s far from a model pleading under the" Rules, we excused that problem with the plaintiff's complaint in light of the fact that the defendant had removed the action from Ohio state court, "where the rules and customs as to pleadings differ from federal practice." *Ibid.* Instead, we were confident that "appropriate corrective motions in the district court" could cure any "surplusage or inartistry." *Ibid.*

The next year, we reversed another dismissal in *United States v. Frank B. Killian Co.*, 269 F.2d 491 (6th Cir. 1959). Although the complaint had stated a claim, the complaint was (as the government conceded) "ambiguous and poorly drawn." *Id.* at 493. We held that, consistent with then-Rule 8(f)'s directive to construe pleadings so "as to do substantial justice,"[3] the district court could dismiss a "poorly drafted pleading . . . with leave to amend to conform" to Rule 8. *Ibid.* We thus directed the district court to do so. *Id.* at 494.

In *Azar v. Conley*, 456 F.2d 1382 (6th Cir. 1972), we considered a civil-rights complaint that had been dismissed "on a variety of grounds." *Id.* at 1384. The ground for dismissing one defendant, James R. Conley, was the plaintiffs' failure to comply with then-Rule 8(e)(1)'s requirement that a pleading be "simple, concise, and direct." *Id.* at 1390 n.6 (quoting former Fed. R. Civ. P. 8(e)(1)). But we did not "agree that the Azars should be denied an opportunity to prove" their "serious charges" against the defendant because of Rule 8(e)(1). *Id.* at 1391. Although we did think that the complaint had been "less than a model of conciseness," it was

---

[3]The rule remains in substantively similar form today: "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).

"not the sort of 'gross violation' of Rule 8(e)(1)" warranting dismissal. *Ibid.* And the allegations against Mr. Conley had "seem[ed] relatively clear." *Ibid.* Thus, even though those allegations formed a small portion of the overall pleading, they were sufficient to give Mr. Conley fair notice of the claims against him and the grounds for them.

In contrast, in a later unpublished decision, we affirmed the dismissal of a "rambling," 119-page complaint comprising 24 counts and such exotic prayers for relief as requesting "that the entire court system of the state of Michigan be altered to a buddy system so that no judge could act without the concurrence of another" or that we unilaterally replace duly elected justices of the Michigan Supreme Court. *Plymale*, 1991 WL 54882, at *1. The district court had twice dismissed the complaint with leave to amend to bring it into compliance with Rule 8. *Ibid.* The third pleading did not so comply, and the district court therefore dismissed it with prejudice. *Ibid.* (noting also that "the complaint contained multiple defects which could not be cured by repleading"). We held that the court "did not abuse its discretion." *Ibid.*

Thus, if a complaint violates Rule 8, the appropriate remedy is rarely immediate dismissal. Our sister circuits agree. As Judge Easterbrook has written for the Seventh Circuit, "[f]at in a complaint can be ignored, confusion or ambiguity dealt with by means other than dismissal." *Bennett*, 153 F.3d at 518. The Ninth Circuit has suggested that the district court could "relieve a defendant of the burden of responding to a complaint with excessive factual detail" by "simply strik[ing] the surplusage" using Rule 12(f) or excusing the defendant from answering certain allegations. *Hearns*, 530 F.3d at 1132. Or, in line with our cases, the district court could dismiss without prejudice and with leave to amend, as happened here. *Frank B. Killian Co.*, 269 F.2d at 494; *Plymale*, 1991 WL 54882, at *1.

But a district court need not have infinite patience. Persistent or vexatious refusal to follow the rules may warrant dismissal with prejudice. *Kuehl*, 8 F.3d at 908. So if a district court has offered multiple opportunities to fix the complaint and the plaintiff has persisted in noncompliance, then the harsh sanction of dismissal is appropriate. *Plymale*, 1991 WL 54882, at *1; *see also Garst*, 328 F.3d at 378; *Westinghouse*, 90 F.3d at 703. Likewise if the plaintiff's amended complaint indicates a basic inability or unwillingness to comply with the district court's orders. *See Mangan*, 848 F.2d at 910 (affirming dismissal after plaintiff reduced the total number

of pages in the complaint primarily by making cosmetic changes such as to font size, spacing, and margins). All the more if the district court warns the plaintiff that a failure to comply will result in dismissal. *See Westinghouse*, 90 F.3d at 704.

The district court's treatment of Mr. Kensu's complaint checked all these boxes. As in *Plymale*, the district court gave him two chances to amend his complaint. The court identified the specific problems to correct in the complaint and gave specific examples, as the district court had in *Garst*. Mr. Kensu has demonstrated an inability or unwillingness to comply with the district court's orders. His second amended complaint still retained pages of irrelevant and unspecific allegations. By focusing as he does now on the number of times that he mentioned each defendant's name in the complaint or his inclusion of a table of contents, he demonstrates only that he utterly misses the district court's point—that he has not made clear which claims and allegations *this* lawsuit was about. And the district court gave him fair warning that his second amended complaint would be his last chance. Although harsh, the sanction of dismissal with prejudice was within the district court's discretion.

## III.  CONCLUSION

The federal pleading standard is quite liberal. But there is still a standard to meet. A plaintiff must not append so many limbs and outward flourishes to a pleading that neither court nor defendant can easily identify the soul of the claim.

We affirm.