NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0182n.06

No. 23-5770

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

CITY OF PIKEVILLE, KENTUCKY,

      Plaintiff-Appellant,

v.

CEBRIDGE ACQUISITION, LLC, dba Suddenlink Communications; CEQUEL III COMMUNICATIONS II, LLC, dba Suddenlink Communications; ALTICE USA, INC.,

      Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
Apr 25, 2024
KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY

OPINION

Before: GIBBONS, McKEAGUE, and STRANCH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** This case involves purported breaches of a franchise between Plaintiff-Appellant City of Pikeville, Kentucky, and Defendant-Appellee Cequel Communications. Pikeville alleges that Cequel's merger with another media company resulted in service deteriorations that violated the parties' franchise. Based on these alleged violations, Pikeville's City Commission passed a resolution demanding the payment of liquidated damages. After Cequel refused to pay, Pikeville sued, and Cequel moved to dismiss. The district court granted Cequel's motion, reasoning that declaratory relief was unwarranted and that Pikeville had failed to plausibly allege a breach. Although we agree with the first conclusion, we disagree with the second. As a result, the district court's judgment is **AFFIRMED IN PART** and **REVERSED IN PART.**

## I.    BACKGROUND

In September 2009, Pikeville accepted Cequel's proposal for a ten-year, non-exclusive license to operate cable television services in the city.  Pikeville adopted an ordinance to memorialize the parties' arrangement, hereinafter referred to as the "Franchise."  In 2015, Cequel—which does business as Suddenlink Communications—merged with Altice S.A. According to Pikeville, after the merger, Cequel's deteriorating performance violated the parties' Franchise.  On June 23, 2020, Pikeville's mayor sent Altice a notice of alleged breaches of the Franchise and indicated Pikeville's intent to access liquidated damages if the breaches were not cured.  Altice responded by denying the breaches; in the alternative, it stated that any breaches had been cured.  After Pikeville informed Altice of a public hearing "to determine whether or not Cequel . . . has violated any of the provisions of" the Franchise, Altice again responded by denying or alleging that it had cured any violations.

On July 27, Pikeville's City Commissioners reviewed the letters exchanged by Pikeville and Altice and received additional evidence at a public hearing.  That day, the Commission adopted a document, hereinafter the "Resolution," charging Cequel with violating various provisions of the Franchise.  Relying on the Franchise's liquidated damages section, the Resolution imposed damages that accrued at a rate of $1,900 per day.  After Cequel failed to pay, Pikeville sued in July 2022.  In its November 2022 amended complaint (the "Complaint"), Pikeville alleged that Cequel owed over $1.2 million in liquidated damages.

Pikeville's Complaint raised three causes of action—declaratory judgment, breach of the Franchise, and indemnity—against Cequel, Altice, and Cebridge Acquisition, LLC (an LLC with Cequel as its sole member).  Defendants moved to dismiss the Complaint, and the district court granted that motion in full.  The court first dismissed claims against Altice and Cebridge because

neither entity was a party to the Franchise (and because the court lacked personal jurisdiction over Altice). Pikeville does not challenge the dismissal of Altice and Cebridge.

The district court then dismissed the Complaint against Cequel for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6). Starting with Pikeville's declaratory judgment claim, the court reasoned that (1) it could not find Cequel in breach of the Franchise based simply on the Commission's Resolution alleging as much, (2) Pikeville had failed to provide adequate allegations of breach to state a plausible claim for relief, and (3) relevant factors for determining the propriety of declaratory relief counseled against issuing such relief. The court dismissed Pikeville's contract breach and indemnity claims by finding that Pikeville had failed to plausibly allege any breach of the Franchise. Finally, the court denied Pikeville leave to amend its Complaint because it had not formally moved for amendment under Federal Rule of Civil Procedure 15. Pikeville timely appealed.

## II.  ANALYSIS

We review orders granting motions to dismiss for failure to state a claim de novo. *Mosier v. Evans*, 90 F.4th 541, 550 (6th Cir. 2024). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must also give defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Kensu v. Corizon, Inc.*, 5 F.4th 646, 650 (6th Cir. 2021) (alteration in original) (quoting *Twombly*, 550 U.S. at 555). At this stage, we treat the Complaint's allegations as true and make inferences in the plaintiff's favor. *Daunt v. Benson*, 999 F.3d 299, 308 (6th Cir. 2021).

The parties' Franchise is governed by Kentucky law. In Kentucky, a party alleging a breach of contract must allege "three things:  1) existence of a contract; 2) breach of that contract;

and 3) damages flowing from the breach of contract." *Brown & Brown of Ky., Inc. v. Walker*, 652 S.W.3d 624, 631 (Ky. Ct. App. 2022). The district court found that all three counts were subject to dismissal because Pikeville had failed to plausibly allege Cequel's breach of the Franchise, a conclusion that Pikeville contests.

Pikeville first argues that Cequel breached the Franchise by refusing to pay liquidated damages. According to Pikeville, it does not matter whether Cequel in fact breached any of the Franchise's provisions before being ordered to pay liquidated damages. Instead, it claims that the Commission found several breaches, and Cequel's failure to pay liquidated damages as directed by the Commission independently breached the Franchise.

This theory was not fairly raised by Pikeville's Complaint. A complaint must "plead claims and allegations with [sufficient] clarity" to give a defendant fair notice of the claims and the grounds upon which they rest. *Kensu*, 5 F.4th at 650 (emphasis omitted). Pikeville's Complaint is premised on underlying breaches of the Franchise for which liquidated damages are the proper remedy; it does not present the failure to pay these damages as a breach in and of itself. For example, in its declaratory judgment cause of action, Pikeville states that "due to Suddenlink's violations of the ordinance"—the underlying breaches—"Suddenlink must pay Plaintiff liquidated damages"—the remedy. R. 36, Am. Compl., PageID 236. Similarly, in its contract breach claim, Pikeville alleges that as a "result of Suddenlink's violation of the ordinance"—the breach— "Plaintiff is owed liquidated damages"—the remedy. *Id.* To the extent that Pikeville now seeks to treat the failure to pay liquidated damages as an independent breach, the federal rules prohibit this sort of "obfuscation of the plaintiff's claims." *Kensu*, 5 F.4th at 651 (emphasis omitted). As a result, the district court did not err in rejecting this argument.

Pikeville's second argument is that it has plausibly alleged Cequel's underlying breaches of the Franchise. The district court initially rejected this argument because the Complaint does not specify what provisions of the Franchise have been violated and instead relies on the Commission's Resolution to provide factual details about Cequel's alleged breaches. Under Federal Rule of Civil Procedure 10(c), however, a written instrument that is "an exhibit to a pleading"—like the Resolution—"is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c); *see Com. Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) ("[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss."). Refusal to consider such a document as part of the pleadings can constitute reversible error. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502–03 (6th Cir. 2001).

In reasoning that it was not required to consider the Resolution, the district court relied on *McKissick v. Deal*, No. 5:14-CV-72 (MTT), 2014 WL 1690436, at *1 (M.D. Ga. Apr. 29, 2014). But *McKissick*, an out-of-circuit district court decision, is neither binding nor pertinent as it involved a plaintiff who attached 145 pages of exhibits to his complaint, which the court found was inconsistent with the duty to present "a clear and concise complaint." *Id.* By contrast, the Resolution sets out the individual provisions of the Franchise that Pikeville is alleged to have broken, and provides details about how these breaches allegedly occurred. It therefore fell within Rule 10(c)'s general command that documents attached to the pleading are a part of that pleading and should be considered on a motion to dismiss.

The district court, however, did consider the exhibit's relevance later in its opinion, and found that the Resolution did not save Pikeville's pleadings due to its reliance on the Franchise, which contained few objective criteria. But the legal import of the Franchise's "lack of standards" was not made clear. For instance, the court did not deem any provision ambiguous as a matter of

Kentucky law. *See Big Sandy Co., L.P. v. EQT Gathering, LLC*, 545 S.W.3d 842, 844–45 (Ky. 2018). Nor did it find that the Franchise was so unclear as to render it fully unenforceable. *See Kovacs v. Freeman*, 957 S.W.2d 251, 254 (Ky. 1997) (noting that "under Kentucky law the terms of a contract must be sufficiently complete and definite" to form an enforceable contract).

Dismissing Pikeville's breach claims in their entirety, moreover, would require evaluating (and rejecting) the plausibility of each breach alleged by Pikeville in the Resolution. That is because, under Kentucky law, a plaintiff can demonstrate a contract breach claim by proving damages flowing from any breach of an enforceable contract. *See Brown*, 652 S.W.3d at 631. And at the pleadings stage, Pikeville need only plausibly allege such a breach. *See In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 469 (6th Cir. 2014). The district court directly analyzed only one provision of the Franchise—its requirement that Cequel keep cable systems "in good condition"— and Cequel likewise focuses here on only one alleged breach. Setting aside whether that breach was plausibly pleaded, Pikeville alleges many additional breaches as set out in the Resolution. Cequel has not shown that all of them are implausible.

Additionally, evaluating the soundness of the Resolution's factual allegations regarding Cequel's alleged breaches is premature at this stage. "Specific facts" concerning the precise nature of the alleged breaches "are not necessary" to survive a motion to dismiss. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). Instead, as described above, Pikeville need only provide a plausible factual basis in support of a contract's existence, a breach of that contract, and damages. *See Brown*, 652 S.W.3d at 631; *see also, e.g.*, *Archambeault v. Wyndham Vacation Ownership, Inc.*, No. 3:20-cv-01044, 2021 WL 6496827, at *9 (M.D. Tenn. July 14, 2021) (finding that a complaint alleging "the existence of a cognizable contract, a specific term of that contract that was breached, and resulting damages" had stated "a

plausible entitlement to relief"); *Pernice v. Bovim*, 183 F. Supp. 3d 84, 87 (D.D.C. 2016) (finding that to survive a motion to dismiss, "it is enough for the plaintiff to describe the terms of the alleged contract and the nature of the defendant's breach") (quoting *Francis v. Rehman*, 110 A.3d 615, 620 (D.C. 2015)). With the Resolution's proper inclusion, Pikeville's pleadings meet that standard.

To be clear, Pikeville's articulation of plausible breaches of the Franchise is only the first step in proving its case. If it is found that certain terms within the Franchise are indeed ambiguous, such terms would be interpreted against Pikeville as the Franchise's drafter. *See McMullin v. McMullin*, 338 S.W.3d 315, 322 (Ky. Ct. App. 2011) (explaining this "maxim," which has "long been followed in the Commonwealth" of Kentucky). And, after discovery, it is Pikeville's burden to come forward with material facts to support its argument that Cequel breached the Franchise. *See* Fed. R. Civ. P. 56(a). But these are standards for another stage of this litigation. It would be premature to express any view on these issues, which require the further development of facts and legal arguments.

Similar caution is appropriate regarding other wrinkles in this case, many of which are related to the Franchise's language. For example, Cequel argues that because the Commission must find that a violation "has occurred" to collect liquidated damages, Pikeville could not impose those damages prospectively. On the other hand, the Franchise's liquidated damages provision contains language stating that damages can be imposed as long as a "violation continues." The Franchise also states that liquidated damages "may be recoverable from" a "letter of credit or performance bond" that should be maintained at $15,000, but is silent regarding recovery of damages from sources other than the letter of credit. Or consider the Franchise's appeal provision, which gives Cequel "the right" to appeal "any decision or determination under . . . any . . .

provision" of the Franchise "to any court or regulatory agency of competent jurisdiction," but does not set a deadline for appeal. These are all issues that the parties may explore during discovery, and that may come before the district court going forward. They do not, however, justify dismissal now. *See Solo v. United Parcel Serv. Co.*, 819 F.3d 788, 796 (6th Cir. 2016) (noting that "question[s] of fact" about contractual provisions are not "properly answered by the court" at the motion to dismiss stage).

We now turn to what effect Pikeville's plausible allegations of breach have on the Complaint's specific causes of action. Most directly, these allegations support the plausibility of Pikeville's second claim for breach of the Franchise. The same is true regarding the Complaint's third claim for indemnity, which the district court dismissed because, in its view, the claim required a finding of breach that Cequel had failed to plausibly allege. Because Pikeville has plausibly alleged a breach of the Franchise, it follows that Pikeville has plausibly alleged its indemnity claim, through which it requests losses arising from Cequel's breaches. Pikeville's second and third causes of action are not subject to dismissal.

When the district court dismissed the Complaint's first cause of action for declaratory judgment, however, it relied both on its view that Pikeville had failed to allege a breach, and on its alternative finding that relevant factors counseled against exercising jurisdiction to issue a declaratory judgment in any event. "We review a district court's decision whether to exercise jurisdiction under the Declaratory Judgment Act for abuse of discretion." *Cardinal Health, Inc. v. Nat'l Union Fire Ins. Co.*, 29 F.4th 792, 796 (6th Cir. 2022). Here, the district court considered the proper factors. It evaluated the risk factor of improperly seeking a declaratory judgment in a "race for res judicata," *id.* (quoting *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984)), noting that Pikeville might attempt to take a declaratory judgment to state

court even if that court otherwise could not hear its case. The district court therefore concluded that hearing Pikeville's declaratory judgment claim was inappropriate. This conclusion was not an abuse of discretion. Additionally, because Pikeville will be permitted to pursue its contract breach and indemnity claims directly, adding a declaratory judgment action would "serve no useful purpose." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Therefore, the dismissal of Pikeville's first claim is affirmed.

Finally, the district court denied Pikeville leave to replead its claims because Pikeville failed to formally move to amend its Complaint. Pikeville challenged that decision in its briefing here, but because we now hold that Pikeville plausibly alleges breach, leave to amend appears unnecessary.[1] This issue is therefore moot. *See United States v. City of Detroit*, 401 F.3d 448, 450–51 (6th Cir. 2005) (noting that mootness turns on whether the relief sought would make a legal difference to the parties).

### III.    CONCLUSION

For the reasons set forth above, we **AFFIRM** the district court's dismissal of Pikeville's first cause of action, **REVERSE** the district court's dismissal of Pikeville's second and third causes of action, and **REMAND** for further proceedings.

---

[1] If Pikeville still believes it needs to amend the Complaint as to breach, it may again request leave to amend on remand. We express no opinion on the proper resolution of such a request.